SPRINGER *et al.*, *vs.* CONGLETON.

A legacy to "be divided between my two sisters' children, Elizabeth Joice and Martha Lilly, to-wit," naming the children, goes only to those who were children of the two sisters at the death of the testator, and one of the named children dying before the testator, is to be considered as stricken from the enumeration.

Demurrer in Equity, from Schley county.   Decision by Judge WORRILL, October Term, 1860.

The defendant in error, Burton A. Congleton, filed this bill to recover of the executor of Jesse Cherry, deceased, part of a residuary legacy claimed to be due John Choice, one of the legatees under the will of·deceased, and which the said Choice had assigned to the said Burton A. Congleton for value.

It appears by the bill, that there were six legatees named in said will; among them the said John Choice and Naomi Lilly; but it is alleged that there were really only five legatees entitled to take under said will—the said Naomi Lilly having died without issue before the death of, and unknown to the testator.   It is further alleged that there was due said John Choice, who resides in the State of Alabama, on the first day of January, 1853, by said executor, as the one-fifth part of said residuum, the sum of three thousand dollars or other large sum with interest thereon, except two thousand dollars paid him by the executor in 1845, which, however, did not include any part of the share left to Naomi Lilly; that at that time it was not known to either said Choice or said Springer, that said Naomi Lilly had not survived said testator.

The bill charges that the executor, in order to defeat the collection of the share which would have gone to the said Naomi Lilly, procured Samuel Crawford, of Marion county, to take out letters of administration on the estate of said Naomi, deceased, and paid over to him as such, the sum of two thousand dollars or other large sum of said estate, and which payment was illegal and void.   Prayer for *ne exeat*, on the ground that said Springer, executor, was threatening and preparing to remove out of the State.

The defendants demurred to the bill on the grounds following:

Springer *et al.*, *vs.* Congleton.

1st. There is no equity in said bill.

2d. The complainants cannot maintain said bill, because the same is illegal and champertous, as appears from said bill.

3rd. Because said complainants are entitled to no share or part of the interest devised to Naomi Lilly under the will of Jesse Cherry, deceased.

The Court overruled the demurrer, and counsel for defendants excepted.

BLANDFORD and CRAWFORD and H. K. McCAY, for plaintiffs in error.

B. HILL, for defendant.

*By the Court.*—STEPHENS, J., Delivering the opinion.

This case turns solely upon the construction of the last clause in the will. Did the testator intend to give the estate to certain persons whom he names, and who happened to be children of his two sisters? or did he intend to give it to a class described as children of his two sisters, including all who fell within the class, and none who did not fall within it, the names of the children being mentioned only as a supposed correct enumeration of the individuals who composed the class? He says "it shall be divided with my two sisters' children, Elizabeth Joice and Martha Lilly, to-wit," naming the children, and Naomi Lilly among them. This is a gift to a class, "sisters' children," and to individuals also, "Naomi," etc., the two ideas being supposed by the testator to be so perfectly coincident and harmonious, that the one is really used as a description of the other. But we think the class was the *leading* idea. The *blood* seems to have been the motive, and we think the intention was that the gift should go to all who were children of those two sisters, and to none who were not children, that is to say, to all who answered the description, and to none who did not answer it, at the death of the testator, that being the time at which the will speaks. The blood of those two sisters being the motive of the gift, it is a fair inference that the description by enumeration of individuals, was subordinate to the general description which is necessarily precisely co-extensive with that motive. The motive of the gift throws a strong light upon the *extent* of it. We naturally expect the gift to go as far as the motive carries it and *no further*. Naomi was

not one of the children of the two sisters, at the death of the testator, though she had before been one of them, and he supposed that she still was. She, therefore, was not within the motive of the gift, and for that reason, we think she was not within the gift, The other children of the two sisters were within the motive and nobody else was, and we think the other children took the whole gift. There were a number of cases cited by the plaintiff in error to the effect that a residiuum given to several in joint-tenancy, will go to the survivors when one of them dies before the death of the testator, but when given in tenancy, in common, (as this is) it does not go to the survivors, but the portion of the deceased tenant in common lapses, and creates an intestacy *quoad hoc.* That doctrine is not applicable to this case. In all those cases, the question was as to the effect of the death of a person who, as an individual, was known to have been certainly intended as a legatee; but here the very question is, *what* individuals were intended? Were the intended legatees the very persons named and no others, or were they the persons included in a described class? Contrary to the testator's expectation, there turns out to be a conflict between his *two descriptions* of the legatees, and the real question is, which description must yield to the other? A different state of surrounding circumstances might throw a different light on the words used in this will; but under the few facts which appear in this case, we think that the objects of the testator's bounty were only those who, at his death, were children of his two sisters.

Judgment affirmed.