CHENEY, executor, *vs.* SELMAN, guardian.

1. If a legatee dies before the testator, or is dead when the will is executed, but has issue living at the death of the testator, such legacy, if absolute and without remainder or limitation, does not lapse, but vests in the issue in the same proportions as if inherited directly from the deceased ancestor.

(*a.*) A legatee need not be named,in order to give effect to the bequest; it is sufficient that he be so described as to identify him. A bequest being to the "children" of a testator, it may be shown by parol who such children are. Such description is a latent ambiguity, and explainable by parol.

2. A judgment unreversed works an estoppel, as do also solemn admissions *in judicio*; and admissions in a sworn answer to a bill in chancery are always evidence when offered by the opposite party.

(*a.*) The court did not err in admitting in evidence the record of the former proceeding.

September 11, 1883.

Wills. Legacies. *Res adjudicata.* Judgments. Estoppel. Before Judge BROWN. Cobb Superior Court. November Term, 1883.

Selman, as guardian of W. H. and J. D. Cleckler, brought his action against Cheney, executor of Shadrach Jackson, alleging, in substance, as follows:

Shadrach Jackson died testate. His will, after leaving certain specific legacies, contained a residuary clause, by which it was provided that the balance of testator's property should be divided among certain legatees, among whom were "the children of Tilda Cleckler." Tilda Cleckler had but one child, a son, who died before the will was made, leaving two sons in life when the will was made and when the testator died, who are the wards of plaintiff. Defendant has property in his hands belonging · to the estate for distribution, and to a share in which plaintiff insists that these wards are entitled.

On the trial, the evidence showed the facts stated in the declaration; also that, in 1879, the executor applied to be dismissed; that the present plaintiff filed a caveat thereto, which the ordinary overruled; but on appeal, the judge of the superior court held that the legacy to "the children of Tilda Cleckler" did not lapse, but passed to the wards of plaintiff.

The jury found for the plaintiff $319.42. Defendant moved an arrest of judgment and for a new trial, on the following among other grounds:

(1.) Because the declaration shows that the wards of plaintiff were not entitled to recover.

(2.) Because the court charged to the effect that the legacy in the will of testator did not lapse, but vested in the wards of plaintiff.

(3.) Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.

D. & T. B. IRWIN, for plaintiff in error.

A. S. CLAY, for defendant.

HALL, Justice.

The bequest in question was to the "children of Tilda Cleckler." Neither at the execution of the will nor at

the death of the testator were there any children of Tilda Cleckler in life. She had one son, George W. Cleckler, who was dead, but who left surviving him his children, who are the wards of the plaintiff in this suit.

The principal question in this case is, whether this legacy, under our law, lapsed, or whether it vested in the children of the said George W. Cleckler?

The will was executed on the 25th day of April, 1872.

1. By the act of 1836 (Code, §2462), "If a legatee dies before the testator, or is dead when the will is executed, but shall have issue living at the death of the testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from the deceased ancestor."

The court below held the plaintiff entitled to this legacy, and rightly so, under the provisions of this act of the legislature and the proof in the case, unless the fact that George W. Cleckler, the plaintiffs' father, is not made a legatee by name, as was insisted by the eminent and experienced counsel for the defendant should have been done in order to constitute him a legatee, varies the case. We do not hold that the legatee should be named in order to give effect to the bequest. It is sufficient that he be so described as to identify him. Such has been for ages the rule of the common law. 1 Roper on Legacies, ch. 2, §§ 1, 2, *passim,* especially pp. 77, 78, 79. Our Code, §2457, provides for the introduction of parol testimony relating to the circumstances attending the execution of the will, that all ambiguities, both latent and patent, may be explained. This is a latent ambiguity, and it was rendered certain who the child of Tilda Cleckler was by the introduction of the parol testimony.

2. Even if this question were doubtful, it was raised in another suit between these parties, and adjudicated in favor of the plaintiffs. This judgment was not appealed from, and is still of full force. Certain admissions in writ-

ing were made by the counsel of the parties, and acted upon by the court on this occasion; indeed, the judgment was founded on these admissions. In the present case, when this proceeding was offered in evidence, it was objected to because it was in a different suit, between the same parties, it is true, but relating, as insisted, to a different matter.

The objection was overruled, and properly so. The very point in issue here was the only point in that case. The plaintiffs' competency to object to the defendant's dismissal from the executorship, depended solely upon their title to this legacy. If they had no title to the legacy, they had no *locus standi in judicio ;* but if their title was good, they were properly in court, and had a right to *caveat* this application for letters dismissory. The evidence was admissible to establish an estoppel. A judgment unreversed is an estoppel; so are solemn admissions made *in judicio.* Code, §3753. So an admission made in a sworn answer to a bill in chancery is always evidence, when offered by the opposite party. *Ib.,* §4195. This disposes of every question raised in the case, and necessarily results in an affirmance of the judgment.

Judgment affirmed.