Davie et al. vs. Wynn, trustee.

---

DAVIE et al. vs. WYNN, trustee.

A will provided as follows: " And at the death of my said son, leav-
ing lawful children, then all the property herein given said Terry,
as trustee, to go to such children, share and share alike. But
should he die not leaving such children, then the same at his death
to go, share and share alike, to my nephews and nieces, the chil-
dren of my deceased brother, John L. Wynn, and of my deceased
brother-in-law, John Wilkinson." Two of testator's nieces, chil-
dren of John Wilkinson, died in testator's lifetime and before the
will was made, leaving issue, and certain other nieces and nephews,
covered by the description in the will, survived the testator:

*Held*, that the devise was to a class, and the nieces who died before
testator and before the execution of the will are not included
therein; hence plaintiffs, who are children of the two nieces men-
tioned, can take nothing under this devise.

(a) There is no question of lapsed legacy in this case, and hence
§2462 of the code and *Cheney, ex'r, vs. Selman, guardian,* 71 *Ga.*
384, do not apply.

May 4, 1888.

Wills. Legacies. Construction. Before Judge LUMP-
KIN. Wilkes superior court. November term, 1887,

Reported in the decision.

PORTER KING, S. H. HARDEMAN and B. S. IRVIN, for
plaintiffs.

W. M. & M. P. REESE, for defendant.

BLANDFORD, Justice.

This case arises upon the construction of the last will
and testament of Samuel W. Wynn, on this clause of the
will:

Davie et al. vs. Wynn, trustee.

" And at the death of my said son, leaving lawful children, then all the property herein given said Terry, as trustee, to go to such children, share and share alike. But should he die not leaving such children, then the same at his death to go, share and share alike, to my nephews and nieces, the children of my deceased brother, John L. Wynn, and of my deceased brother-in-law, John Wilkinson."

It appears that two of the nieces of the testator, children of John Wilkinson, died in the lifetime of the testator and before he made this will, leaving issue, the complainants in this bill, who claim that they stand in the place of their deceased parents under the will. The court below held that this was a devise to a class, and that inasmuch as these nieces, the ancestors of the complainants, had died in the lifetime of the testator and prior to the execution of the will, they were not included in this class, and the property went to the other nieces and nephews who were in life at the death of the testator. This construction of the will is excepted to and assigned as error here.

We think the court construed the will properly. The will gave the property to a class, to-wit, the testator's nephews and nieces, the children of his deceased brother, John L. Wynn, and of his deceased brother-in-law, John Wilkinson. At the death of the testator, the ancestors of these complainants were not in being, and were not of the class to whom this property was devised and bequeathed; and hence the complainants can take nothing under this clause of the will. A similar case decided by this court is that of *Springer et al. vs. Congleton*, 30 *Ga.* 976. In that case, the testator devised certain property to the children of his two sisters, Elizabeth Joice and Martha Lilly, naming the children. One of the named children died before the death of the testator. It was held that this child was to be considered as stricken from the enumeration, and her descendants could take nothing under the will; that the bequest was to a class, and only those who represented that class at the death of the testator could take anything by that bequest. We think that decision is in point here.

Davie *et al. vs.* Wynn, trustee.

It was contended by counsel for the plaintiffs in error that, under section 2462 of the code, these representatives of the dead nieces would come in. That section is as follows: " If a legatee dies before the testator, or is dead when the will is executed, but shall have issue living at the death of the testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestors." This section of the code is taken from the act of 1836, (acts 1836, p. 348,) which was of force at the time of the decision in the case of *Springer vs. Congleton*, above referred to; and it may be fairly inferred that the counsel who argued that case did not overlook this statute, and that the court considered it, and that it was considered inapplicable to a case of this kind.

The case of *Cheney, ex'r, vs. Selman, guardian*, 71 *Ga.* 384, is relied on by counsel for the plaintiffs in error. In that case the testator devised certain property to the " children of Tilda Cleckler." At the death of the testator, Cleckler was dead, and her only child, a son, was also dead. This son left two children, who were in life when the testator died; and these children contended that they were entitled to represent their deceased father. And the court held, under the section of the code above cited (§2462), that to prevent a lapse of the legacy, the property, under the will, should go to these children. That decision is doubtless correct; for the bequest in that case was the same as if it had been made to the son of Tilda Cleckler; he was dead at the time the will was made and at the death of the testator; and under this section of the code, to prevent a lapse of the legacy, the property vested in the children. But in this case there is no lapse of the legacy. · Here, it appears from the bill filed by the complainants, there are other nephews and neices who fall within the class designated by the testator. So there is a marked distinction between the two cases. Upon full consideration of the case, we think the court below properly construed the will; and the judgment is affirmed.