### BRANTLY *vs.* MAYO, trustee.

Where distress warrants were issued on behalf of C. M. Mayo, as trustee, against one Brantly, it was error, on the trial of the issue made thereunder, to exclude evidence of Brantly and his wife to the effect that Brantly was not the tenant of C. M. Mayo, but held under his wife, who rented the premises from Zach. Mayo. The evidence was excluded on the ground that Zach. Mayo was dead, but he was not a party to the actions; and whether or not he had been trustee does not appear.

July 12, 1888.

Witness. Evidence. Before Judge BOWER. Dougherty superior court. October term, 1887.

Reported in the decision.

H. MORGAN and C. B. WOOTEN, for plaintiff in error.

D. H. POPE & SON, by HARRISON & PEEPLES, *contra.*

BLANDFORD, Justice.

The parties are the same in both of these cases, and they involve the same question. Upon the trial of each, Brantly was offered as a witness for the purpose of testifying that his wife rented the premises from Zach. Mayo, who was dead, and that he himself did not rent the premises from C. M. Mayo, the plaintiff in the court below. His wife was also offered as a witness to the same effect. The court excluded this testimony from the consideration of the jury. In one of the cases a part of the testimony was admitted, but the whole of it was afterwards excluded by the court in his charge to the jury.

We think the court erred in excluding this testimony. The ground upon which the testimony was excluded was that Zach. Mayo was dead. But Zach. Mayo was not a party to either of these actions. And the testimony was offered for the purpose of showing that Brantly was not the tenant of the plaintiff, but that he held under his wife, who was the tenant of another person, to-wit, Zach. Mayo, the deceased. C. M. Mayo is a party as trustee; whether Zach. Mayo was trustee or not, does not appear from the record. What effect this testimony would have had if the jury had been allowed to consider it, we are unable to say; but it was pertinent and admissible evidence, and the court erred in rejecting it.

Judgment reversed.