## TOLBERT *vs.* BURNS.

82    213
98    325

82    213
122   184
123   180

A devise to the testator's sister for one year after his death, and then the property to be equally divided between the children of his mother, her grandchildren to receive their parent's share should that parent not be in life, went to his nephews and nieces as a class instead of as individuals. One of this class having died before the making of the will, her daughter took no share in the devise. The property was rightly distributed to the two members of that class who were in life when the will was executed.

November 21, 1888.

Wills. Devises. Construction. Before Judge Roney. Richmond superior court. April term, 1888.

Reported in the decision.

F. W. Capers, Jr., by brief, for plaintiff in error.

J. S. Hook, contra.

Simmons, Justice.

Edmund Hill died in 1880, leaving a will in which he appointed Tolbert, the plaintiff in error, his executor. Tolbert qualified, and distributed the estate, as he thought, according to the will. After this distribution, he applied to the ordinary of Richmond county for letters of dismission. This application was caveated by Sarah A. Burns, mainly upon the ground that, in distributing the estate, the executor had ignored her rights under the will. The caveat was overruled by the ordinary, and the caveator appealed the case to the superior court. It was tried in the superior court upon an agreed state of facts. The controversy in the court below was about the proper construction of the third item of the will, which reads as follows:

" All my other property, including the house given to my daughter Delphia, I give to my sister Louisa for one year after my death, she to have control of the same and receive all the benefit arising from the same, without let or hindrance from any one. After the expiration of one year, the property is to be equally divided between the children of my mother, the grandchildren of my mother to receive their parent's share should that parent not be in life."

It was admitted, in the agreed statement of facts, that the children of his mother alluded to in this item of the will, were his three sisters, to wit: Louisa Dunn, Aggie Bailie and Judy Brown; that of these, Louisa Dunn alone is living. Judy Brown was dead at the time of the testator's death, and left surviving her three

children, who were in life at the death of the testator. Aggie Bailie died before the will was written; but there were living at the death of the testator, two of her children, Edmund and Jefferson. Aggie Bailie had another child, Margaret. This child died before the making of the testator's will, but left a child who is the present complainant, Sarah A. Burns, she being the grandchild of Aggie Bailie, who left two children surviving her, to whom her interest in the estate had been distributed. The court below, upon these facts, decided that under this item of the will, Sarah A. Burns is entitled to a share in said estate; to which ruling Tolbert excepted.

We do not agree with the learned judge who tried this case below, in his construction of this item of the will. It will be observed that the testator bequeathed this property to his mother's children (his sisters) and their children; or, in other words, he bequeathed it to his sisters, or to his nephews and nieces in the event of his sisters' death before his death. We think the proper construction of this item of the will is, that it was the intention of the testator to give this property to his nephews and nieces as a class, instead of to them as individuals. The mother of Sarah A. Burns was one of that class, but was dead when the will was executed; but two of her class (her two brothers) were in life when the will was executed; and we think the property, under this will, was properly distributed to them by the executor. This identical question was decided by this court at the last term, in the case of *Davie vs. Wynn,* 80 *Ga.* 673. That decision fully discusses this question, and cites authorities to sustain it. It also replies to the argument of counsel for the defendant in error, wherein they rely upon section 2462 of the code, and upon the case of *Cheney vs. Selman,* 71 *Ga.* 384, and distinguishes the present case from the case in 71 *Ga.* The reasoning

in the case of *Davie vs. Wynn* is adopted in this case, and made a part of this decision. It is perhaps due to the learned judge who tried this case below to say that the decision in *Davie vs. Wynn, supra,* had not been pronounced by this court when his decision in the case now under review was made.

Judgment reversed.