## MARTIN *et al. v.* TRUSTEES OF MERCER UNIVERSITY.

Where by a will specific legacies in cash were bequeathed to certain named persons designated as nephews and nieces of the testator's first wife, to other named persons designated as nephews of the testator, and to one other named person designated as the son of a named nephew of the testator, and the will further provided: " I give and bequeath to each of my immediate nephews and nieces one thousand dollars ($1,000.00) apiece, this meaning only the children of my brothers and sisters, and not including such nephews or nieces as are specially provided for in this will," the will also containing a residuary clause disposing of all the balance of the testator's estate not bequeathed

or devised in the preceding items: *Held*, that the gifts embraced in the words above quoted were to the testator's immediate nephews and nieces as a class; that such gifts enured only to the benefit of persons who were his immediate nephews and nieces living at the time of his death, and therefore falling within this class; and that the children or grandchildren of nephews and nieces of the testator who died before his death took nothing under the will, either in their own right or in that of their deceased parents or grandparents, and this is true whether such deceased nephews and nieces were or were not in life when the will was executed.

*Atkinson, J.,* dissenting.—The bequest embraced in the words quoted was to the persons described as legatees severally and as individuals, and not to them collectively and as a class; and the legacies bestowed being absolute and without remainder or limitation over, if one of such legatees so indicated died leaving issue in life at the testator's death, such issue were entitled to take the legacy of their deceased ancestor; and this is true even though the ancestor died before the testator, or indeed was dead at the time of the execution of the will. Code, §2462.

April 13, 1896.  Argued at the last term.

Injunction.  Before Judge Lumpkin.  Fulton county. December 11, 1895.

*Edmund W. Martin, Marshall J. Clarke* and *Joseph M. Terrell,* for plaintiffs in error.  *Hardeman, Davis & Turner* and *W. B. Willingham,* contra.

SIMMONS, Chief Justice.

In November, 1894, A. J. Cheney made his will, and in 1895 he died.  The 6th item of the will is as follows:

"I give and bequeath to each of my immediate nephews and nieces one thousand dollars ($1,000.00) apiece; this meaning only the children of my brothers and sisters, and not including such nephews or nieces as are specially provided for in this will."

The 7th item gives specific sums to several named nephews and nieces of the testator's first wife.  The 8th item gives specific sums to six named persons, three of whom are described as nephews of the testator.  The 9th item gives a specific sum to a son of one of these nephews.  The 13th item is as follows:

"I give, bequeath and devise the residue of my estate, after deducting the amounts hereinbefore and hereinafter mentioned, to Mercer University, to educate poor young men who are unable to educate themselves, be the said residue much or little at the time of my death. The amount so bequeathed or devised shall be turned over to the proper authorities of said University, to be invested in bonds as soon as practicable and the interest only used for the said purpose."

This controversy arose upon the proper construction of the 6th item above quoted. The trustees of Mercer University filed their equitable petition in which they alleged that thirteen of the nephews and nieces of the testator were dead at the time of his death, and that the executors of the will contended that the shares which would have gone to these thirteen nephews and nieces had they been in life at the testator's death, went to their children and grandchildren; and that so construing this item of the will, they intended to pay to these children and grandchildren accordingly. The trustees contended that inasmuch as these thirteen nephews and nieces were dead at the time of the testator's death, their children and grandchildren did not take under this item of the will; and they prayed for an injunction against the executors, restraining them from paying to the children and grandchildren referred to the amounts specified in this item.

On the hearing of the petition for injunction, the court below decided that the children of the nephews and nieces mentioned in this item did not take under the will; and he enjoined the executors from paying over the money to them.

In the opinion of a majority of this court, the court below was right in the construction placed upon this item of the will. The bequest to the nephews and nieces mentioned in this item is clearly to a class, and is not made to them as individuals. In this respect it is different from other items above referred to in which bequests are made to nephews and nieces, the bequests made in those items being made

to them as individuals.   In the construction of wills it is the duty of courts to look to the whole will, and thus ascertain the intention of the testator.   The evident intention of this testator, which we gather from the whole will, was that the bequests made in the 6th item should take effect immediately upon his death, and that the persons described who should be living at the time of his death should be the only objects of his bounty.   It seems clear to us that he did not intend that others not described therein should take under this item.   If he had so intended he certainly would not have used the language he did: "to each of my immediate nephews and nieces one thousand dollars apiece." Doubtless fearing that there might be some uncertainty as to whom he meant by his "immediate nephews and nieces," he adds: "this meaning only the children of my brothers and sisters;" and to this he adds the following: "not including such nephews and nieces as are specially provided for in this will."   If he had intended that the children of the nephews and nieces referred to in this item should inherit in case the parents were not living at the time of his death, it would have been an easy matter to have said so; and he doubtless would have said so if he had so intended.

It is a familiar rule that a gift to a class to take effect immediately on the testator's death includes only those who are living at that time.   2 Jarman, Wills, Bigelow, 6 ed., t. p. 167, *1010; 2 Redf. Wills, *9, *10, and authorities there cited.   In the case of *Walker* v. *Williamson*, 25 *Ga.* 549, the testator ordered an equal division of his property among his children, share and share alike.   Philip Walker, one of the children included in the will, died before the death of the testator; and some of his heirs at law filed a bill claiming that he was a legatee and that they were entitled to a portion of his legacy.   McDonald, J., in discussing this point says:   "Nothing could pass to Philip Walker, for he is not named, and at the death of the testator he was dead.   He was not a child.   Under that item of the

will, then, there was no lapse into the estate of the testator
of any interest in the negroes by reason of the death of
Philip Walker in the lifetime of testator." It was further
held in that case, that grandchildren cannot take under a
bequest to children, unless there be something in the will to
indicate and effectuate such intention. It was also held
that under a bequest to the testator's children, nothing
would pass to a son who died in the testator's lifetime.

In the case of *Springer* v. *Congleton*, 30 *Ga.* 976, it was
held that a legacy to "be divided between my two sisters'
children, Elizabeth Jones and Martha Lilly, to wit:" (nam-
ing the children), goes only to those who were children of
the two sisters at the death of the testator; and one of the
named children dying before the testator is to be considered
as stricken from the enumeration. Judge Stephens, who
delivered the opinion of the court, said: "This is a gift to
a class, 'sister's children,' and to individuals also, 'Naomi,'
etc., the two ideas being supposed by the testator to be so
perfectly coincident and harmonious that the one is really
used as a description of the other. But we think the class
was the leading idea. The blood seems to have been the
motive, and we think the intention was that the gift should
go to all who were children of those two sisters, and to none
who were not children, that is to say, to all who answered
the description, and to none who did not answer it, at the
death of the testator, that being the time at which the will
speaks." In the case of *Davie* v. *Wynn*, 80 *Ga.* 673, the
bequest was to the son for life, and at his death to his chil-
dren, share and share alike, but if he died leaving no chil-
dren, then the same at his death to go, share and share alike,
to his nephews and nieces, the children of his deceased
brother John L., and of his deceased brother-in-law John
Wilkinson. Two of the testator's nieces, children of John
Wilkinson, died in the testator's lifetime, leaving issue; and
it was held that the devise was to a class, and the nieces who
died before the testator were not included therein. This

case was referred to and approved in the case of *Tolbert* v. *Burns*, 82 *Ga.* 213, where it was again held that one of a class having died before the making of the will, her daughter took no share in the devise. But it was contended that although this may be true, the language of this item of the will takes it out of this rule, because it declares that each of the testator's nephews and nieces shall have a thousand dollars apiece, and thus individualizes them; and therefore, section 2462 of the code is applicable, that section declaring: "If a legatee dies before the testator, or is dead when the will is executed, but shall have issue living at the death of testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor." We do not think the language "each a thousand dollars apiece" would change the rule which we have stated. The words "each" and "apiece" in this item mean the same thing. They mean simply that each nephew and niece shall have a thousand dollars. Instead of giving to the class an aggregate sum, the testator divided it himself, by this language.

Hawkins, in his work on Wills, p. 68, after stating the rule above laid down, that a devise or bequest to the children of the testator means, *prima facie*, the children in existence at the testator's death, adds: "The rule is the same whether the gift be of an aggregate fund to the class, as 1,000 pounds to the children of A., or of a certain sum to each member of the class, as, to the children of A. 100 pounds each." He says, also, that this rule extends to gifts to grandchildren, issue, brothers, nephews, cousins.

Schouler, in his work on Wills, §529, after laying down the general rule above announced, remarks: "Nor is this presumption to be varied, whether an aggregate sum, like $5,000, be given to the class, as $5,000 to the children, or grandchildren, or brothers, etc., of A., or a certain sum to

each member of the class, as to the children, or grandchildren, or brothers, etc., of A., $1,000 each.

In the case of Robinson *v*. MacDiarmid, 87 N. C. 455, the will contained these provisions: "My bank stock, my county bonds, I leave to my following heirs: Bank stock $5,000—$3,000 of it I leave to my mother, . . $800 to my nephew (naming him), $200 to each of my sister Mrs. Ann V. Huske's children." One of Mrs. Huske's children, Clay, died before the testatrix. Smith, C. J., said: "We concur in the opinion that all the children of Ann V. Huske *living at the time of the death of the testatrix*, as well the two youngest born after the making of the will as those born before, and none others, take the legacy given 'to each of my sister Mrs. Ann V. Huske's children,' excluding Clay, who died during the lifetime of the testatrix." And he adds, "But this is not a case of lapse; the deceased child not being *in esse* at the death is not embraced in the words of bequest to the others as a class."

In the case of Mann *v*. Thompson, 1 Kay, 638, it was held that when distinct sums of money are given to every individual of the class, but no time is limited for distribution, the persons who answer the description at the death of the testator are alone entitled to take; and the construction is the same if the gift be of a certain sum to each of the children of A. and B. who should attain twenty-one, but in case any of them should die under that age, his share to go to his surviving brothers and sisters, although A. had no children at the date of the will or at the death of the testator, but had children born after the testator's death.

Many other cases could be cited in which it has been held that a bequest was to a class, although made to the legatees "share and share alike," "equally," "each and every," or "each and all."

This brings us to the discussion of the section of the code above quoted (2462). This section is not a rule for the construction of wills. It simply declares who shall take

when the legatee is ascertained. It was enacted by the legislature to prevent a legacy from lapsing when the legatee is ascertained. If what we have already said in this opinion is sound, no person of a class can be a legatee unless he is living at the time of the testator's death. The gift, as we have shown, was to take effect immediately upon the testator's death. Property must at all times have an owner, and where the bequest is in terms immediate, and so intended to be by the testator, and the description of persons to take is general, then none that do not fall within the description at the time of the testator's death can take. Thirteen of these nephews and nieces being dead at the time of the testator's death, and the gift being immediate upon his death, they did not fall within the description of legatees, and not being named in the will as legatees, nor described in such manner as to individualize them and show plainly what particular persons the testator meant, they could not be legatees under the will; and of course, if they were not legatees, this section of the code cannot apply to them, and their children or grandchildren cannot take anything under it. The uniform decisions of this court since the passage of the act of 1836, of which this section of the code is a codification, are in accord with this view.

This act being in existence when the case of *Walker* v. *Williamson, supra,* was decided, the court must have held that it did not apply in that case. It was also in existence when *Springer* v. *Congleton, supra,* was decided. In referring to that case, Blandford, J., in the case of *Davie* v. *Wynn, supra,* says: "It may be fairly inferred that the counsel who argued that case did not overlook this statute, and that the court considered it, and that it was considered inapplicable to a case of this kind." It appears from the report of *Springer* v. *Congleton,* that Judge Blandford was of counsel for the plaintiff in error. This statute was likewise considered in the case of *Tolbert* v. *Burns, supra,* and was there treated as inapplicable.

But it was contended that this case is controlled by that
of *Downing* v. *Bain*, 24 *Ga.* 372. In our opinion that
case has no bearing at all upon the point now being con-
sidered. The statement of facts contained therein does not
show that section 2462 was involved in the decision. All
the legatees were in life at the death of the testator, and
the question was whether a certain class of legatees took
*per capita* or *per stirpes.* The gift was to a class, as in
the present case, but the testator did not give an aggregate
sum to the class. $4,000 was given to each one of the class.
The court properly held that the intention of the testator
was to give to each one of them a particular amount, and
not to each family that amount. In the present case, as we
have seen, the judge below held that those living at the
time of the testator's death took each $1,000, which we
think was proper and right. If any of the class to whom
the bequest was made in *Downing* v. *Bain* had died
before the testator, a very different question would
have been presented. The only other thing decided
by the court bearing upon this question was, that one of the
class of children of the testator's two nieces, Janet Bain
and Sophia McBride, was born after the death of the testa-
tor, but it appears in the report of the case that this child
was born within nine months after the testator's death, and
it was properly ruled that he also took as a legatee under
the will, because he was *in esse* at the time of the testator's
death. The case of *Cheney, exr.*, v. *Selman, gdn.*, 71 *Ga.*
384, is also relied on by counsel for the plaintiff in error.
The difference between that case and this was fully ex-
plained by Blandford, J., in *Davie* v. *Wynn, supra.*

Looking to the whole will, especially the 6th item, we
are of the opinion that the bequest made therein was to
a class, that none of that class took under that item of the
will except those who were living at the time of the testa-
tor's death, that those not living at that time could not be
legatees, and therefore section 2462 of the code does not

apply; that the words "each" and "apiece" do not so individualize or identify the persons of that class as to change the general rule that only those living at the time of the death of the testator could take, and that in this class of cases such has been the uniform construction of this court.

*Judgment affirmed.*

ATKINSON, Justice, dissented.