DAVIS, guardian, *v.* SANDERS *et al.*

1. A bequest to B and her children is a bequest to a class.   The class consists of B and such of her children as survive the testator.
2. If B has no children at the death of the testator, she will take the whole estate.
3. If B had a child who died before the testator, leaving issue, such issue would not share with B in the legacy.

Argued May 18, —Decided June 13, 1905.

Petition for direction.   Before Judge Lewis.   Jasper superior court.   December 7, 1904.

In 1895 W. C. Leverett executed his last will and testament, the fourth item of which is as follows:   "Having heretofore disposed, by deed or otherwise, of all my real estate, I desire and direct that my personal property be divided equally between my wife Fannie J. Leverett, my daughter-in-law Ella Leverett, and her children, my daughter Sallie Pound, and her children, and Bettie Sanders, and her children now or hereafter born, my idea being to divide said personalty into four shares, my said wife to have one, my daughter-in-law and two daughters and their children to have the other three."   Subsequently, in 1898, he executed a codicil, the second item of which is as follows:   "It is my will that the division of my personal property, contemplated and provided for by the fourth item of my said will, shall be made only of my personal property left remaining after my said wife shall have received the personal property given to her by items one and two of said will; that is to say, she shall first receive the property given her in items one and two, and shall then receive one fourth of the remainder or balance of my personal property."   The testator died in 1902, and Mrs. Fannie Leverett and W. A. Reid qualified as his executors.   At the time of the execution of the will Mrs. Sanders had two children, Leola and Lyman.   Between the time of the execution of the will and the death of the testator both of these children died, Leola leaving no issue and Lyman leaving a wife and child.   The executors filed a petition for direction and construction of the items of the will and codicil above quoted, the precise question being whether Mrs. Sanders, under the facts, was entitled to all of the bequest to herself and her children, or whether the heirs of the

deceased child were entitled to participate with her as tenants in common. The case was submitted to the judge without the intervention of a jury, and he rendered the following decree: "After argument heard it is considered and adjudged, that Mrs. Elizabeth Sanders takes, under the will of W. C. Leverett, all of the one fourth of the residuum of said personal property devised by item four of said will and item two of the codicil thereto, and that neither the said B. H. Sanders, Annie May Sanders, nor Annie Lee Sanders, minor, take any share or interest or part of said residuum or of said estate of said W. C. Leverett. It is further ordered and adjudged that said executor and executrix do pay unto the said Mrs. Elizabeth Sanders all of said one fourth of said residuum, and pay nothing to the said B. H. Sanders, Mrs. Annie May Sanders, or Annie Lee Sanders, minor. It is further considered that the costs of this proceeding be borne and paid by the said executor and executrix as a part of the expenses of administration. This December 7th, 1904." The exception is to the construction of these two items, given by the judge in his decree.

*Turner & Adams,* for plaintiff in error.
*F. Jordan & Son* and *Greene F. Johnson,* contra.

EVANS, J. (After stating the facts.) A gift to a class does not lose its character as a class gift because some of the individuals of the class are named. If the devise or legacy is to named individuals of a definite moiety, the devisees or legatees do not take as a class, notwithstanding they may sustain to the testator the same relation, and all might have been included under a general description, such as children, nephews, or the like. But where one of the persons who is to take with the class is named, and the others are uncertain in number, to be ascertained in the future, the share of each dependent upon the actual number, the devise is to the class as a body of persons and not as individuals, unless the will or the attendant circumstances require a different construction. 30 Am. & Eng. Enc. L. (2d ed.) 718. Mr. Jarman in his treatise on wills (1 Jar. Wills, § 232) says, that the question does not depend upon the classification of the persons under a general name, "but upon the mode of the gift itself, namely, that it is a gift of an aggregate sum to a body of per-

sons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons." In the case of Aspinwall v. Duckworth, 35 Beav. 307, it was held, that a gift to A and the children of B was a gift to a class, and that if one of them happened to die in the testator's lifetime the survivors would take the whole, and if only one survived he would take the whole fund. As was said by the Master of Rolls In re Stanhope's Trusts, 27 Beav. 203, "a person may make a bequest to a class, as to the daughters of A and the daughters of B, and he may add any other person to them, making together one class, and that is what is done here, and only those daughters who survived the testator take vested interests. It is not a question of taking as tenants in common or joint tenants; but whether they take as tenants in common or joint tenants, they take nothing unless they survive the testator."

The learned counsel for the plaintiff in error contends, that the bequest is to Mrs. Sanders of one moiety in the legacy, and to her *children, as a class,* of one or more moieties dependent upon the number of members of the class who take under the will; or, to express it differently, that Mrs. Sanders is not comprehended in any class, but she and the *class,* i. e. her children, take under the will as tenants in common; that under the common-law rule the legacy would have lapsed, but that such lapse will be prevented by the Civil Code, § 3330, which provides: "If a legatee dies before the testator, or if dead when the will is executed, but shall have issue living at the death of the testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportion as if inherited directly from their deceased ancestor." Mrs. Sanders' interest could not be enlarged or reduced by the number of the children, unless she is included in the class. If her share in the bequest is distinct to herself, then the only construction which could be placed on the will would be that she would take one half of the bequest and her children the other half, and such a construction would manifestly do violence to the testator's intention. A case in point is Mitchell v. Mitchell (Conn.), 47 Atl. 325. There the devise was to Lawrence Mitchell and his chil-

dren, and the court said: "The words in this part of the will, 'Lawrence Mitchell and his children,' standing alone, must be taken to mean Lawrence Mitchell and all his children. They can have no other meaning. It is a devise to a class. A class is a number of persons or things ranked together for some common purpose. Bou. Law Dict. And when a legacy is to a class, all those will take who are embraced in the class at the time the legacy takes effect in point of enjoyment. . . The class consists of Lawrence Mitchell and all his children." Mrs. Sanders was included in the class with her children, and her share in the legacy is measured by the number of her children surviving at the testator's death; and if none survive, she takes the whole estate bequeathed to herself and children. *Martin* v. *Trustees*, 98 *Ga.* 320. See also *Parker* v. *Churchill*, 104 *Ga.* 122. The section of the code on the subject of lapsed legacies, quoted above, has no application to the case where the legacy is to a class, and one or more of the class is in esse at the testator's death. It is only when all the members of the class predecease the testator that a lapse will be prevented by this code section. In *Cheney* v. *Selman*, 71 *Ga.* 384, the bequest was to the "children of Tilda Cleckler." Neither at the execution of the will nor at the death of the testator were there any children of Tilda Cleckler in life. She had one son, who was dead, but who left surviving him his children. Under these circumstances the court held that the son's children took under the will, by virtue of code section 3330. The rule is different where the devise is to a class and some members of the class survive the testator. The survivors take the entire legacy. *Davie* v. *Wynn*, 80 *Ga.* 673; *Tolbert* v. *Burns*, 82 *Ga.* 213; *Martin* v. *Trustees*, supra. The fact is admitted that the children of Mrs. Sanders died before the death of the testator. She was the sole survivor of the class, and took the entire legacy devised to her and her children.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*