No. 4028. JUNE 16, 1924.

Petition for injunction. Before Judge Mathews. Bibb superior court. November 6, 1923.

*Henry Gordon* and *H. F. Strohecker,* for plaintiff.
*Jordan & Moore,* for defendant.

---

TOUCHER <em>et al.</em> v. HAWKINS <em>et al.</em>

1. A testator, who had eight children, executed his will several years before his death. The will was brief and in the following language: "I hereby will that my entire property, all that I now have or may hereafter possess at my death, to remain just as it is without any division whatsoever so long as my wife, Mattie J. Hawkins, may live, and then the entire property to be equally divided between each of my children." Prior to the death of the testator one of the children, a daughter, died, leaving two children. A suit was filed by these grandchildren, praying for a construction of the will, and that it be decreed that they were entitled to share in their grandfather's estate under the will. *Held,* that the bequest in this case was to the children of the testator as a class.
2. The term "children" did not embrace grandchildren, where the parent of the latter died prior to the death of the testator.
3. The estate created by the will vested upon the death of the testator,

with a postponement of a division among the beneficiaries until the death of the widow.

No. 4042. June 16, 1924.

Equitable petition. Before Judge Munro. Muscogee superior court. November 6, 1923.

*Hatcher & Hatcher,* for plaintiffs.

*Love & Fort,* for defendants.

Beck, P. J. The testator whose will is under construction in this case executed his will several years before his death. The will was in the following language: "I hereby will that my entire property, all that I now have or may hereafter possess at my death, to remain just as it is without any division whatsoever so long as my wife, Mattie J. Hawkins, may live, and then the entire property to be equally divided between each of my children." Prior to the death of the testator, one of the children, a daughter, died, leaving two children. This suit is brought by these two grandchildren of the testator, praying for a construction of the will, and that it be decreed that they are entitled to share in their grandfather's estate under that instrument. It is also insisted, in an amendment to the petition, that if it be held that the devise was to the children as a class, the will is void, on the ground that no class could be ascertained and determined which was to take at the death of the testator, and that the persons in whom title would vest could not be known until the death of testator's wife, who is still living; and that consequently the title to the land of testator could not now be vested in any person, and under the law title must at all times be vested in some known person. The defendants filed general and special demurrers to the petition. These were sustained, and the petition dismissed; and to the judgment dismissing the petition the plaintiffs excepted.

"By gift to a class is legally meant, in general, an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time designated, who are to take in some definite proportion, the share of each being dependent for its amount upon the ultimate number, and is not on its face a transfer of title to any particular or designated member or members of the class. It is one of the characteristics of a gift to a class that its members are to be ascertained at a future time, and

wherever at the time of making a will the number of beneficiaries is certain and the shares each is to receive is certain and not dependent on the number who shall survive, the gift is not to a class, but to the individuals personally. A legacy, by the general familiar rule of law, lapses if the legatee named dies before the testator. . . But where an entire legacy is given plainly to a class, it will be taken by the individuals who compose that class on the death of the testator." 2 Schouler on Wills (6th ed.), 1167-8, § 1011. What is said by the text-writer by way of definition of "class," and the illustration given by him of the meaning of the word, is in accordance with the decisions relating to that subject by this court. *Martin* v. *Trustees of Mercer University,* 98 *Ga.* 320, 323 (25 S. E. 522) ; *Springer* v. *Congleton,* 30 *Ga.* 976; *Davie* v. *Wynn,* 80 *Ga.* 673 (6 S. E. 183).

It is insisted by the plaintiffs in error, and urged with cogency, that the intention of the testator was, as manifested by the words of the will, that each of his children was to be an individual legatee, and that each child at the date of the will was a legatee; that they severally and individually took as legatees under the will, and at the death of the testator the legacies were vested. This is the language of the will by which the contentions of the parties must be tested: "I hereby will that my entire property, all that I now have or may hereafter possess at my death, to remain just as it is without any division whatsoever so long as my wife, Mattie J. Hawkins, may live, and then the entire property to be equally divided between each of my children." Especial emphasis is laid in the argument of counsel for plaintiffs in error upon the words "equally" and "each," as indicating a testamentary intention that each of his children should be legatees severally and individually, and that the children were not to take as a class. In the case of *Martin* v. *Trustees,* supra, it was said: "Where by a will specific legacies in cash were bequeathed to certain named persons designated as nephews and nieces of the testator's first wife, to other named persons designated as nephews of the testator, and to one other named person designated as the son of a named nephew of the testator, and the will further provided: 'I give and bequeath to each of my immediate nephews and nieces one thousand dollars ($1,000.00) apiece, this meaning only the children of my brothers and sisters, and not including such

nephews or nieces as are specially provided for in this will,' the will also containing a residuary clause disposing of all the balance of the testator's estate not bequeathed or devised in the preceding items: *Held,* that the gifts embraced in the words above quoted were to the testator's immediate nephews and nieces as a class; that such gifts enured only to the benefit of persons who were his immediate nephews and nieces living at the time of his death, and therefore falling within this class; and that the children or grandchildren of nephews and nieces of the testator who died before his death took nothing under the will, either in their own right or in that of their deceased parents or grandparents; and this is true whether such deceased nephews and nieces were or were not in life when the will was executed." It seems to us that that is a ruling upon the precise question involved here. It is true that the testator in the will under consideration in the instant case, in the clause now being construed, uses the word "equally" in connection with the word "each," and it is argued that the construction of the will requires that both words should be considered, that they are not "used as synonymous words," but each is to be given its ordinary and usual signification; and that as thus considered the testamentary intention of the testator to give to each of his children a legacy of one eighth of his property, severally and individually, is clear. We cannot see that the use of the word "equally" in this brief will, which consists of a single sentence, has the effect of more clearly indicating an intention on the part of the testator of distributing his estate to his children singly and individually, than the use of the word "each" alone would have done. For, where an entire estate or an entire sum of money is bequeathed to a number of individuals, in the absence of words purporting to create a different interest in different individuals for the class referred to, each one of them, of course, takes an equal share. It is the word "each" here which seems to give strength to the argument of the plaintiffs in error. The question is not free from difficulty; but in view of the decision in the *Martin* case, supra, we should hold that the gift was to a class. The decision in the *Martin* case was rendered by a divided court, but the majority cite several cases fortifying their opinion; among them the case of *Walker* v. *Williamson,* 25 *Ga.* 549. We have dwelt especially upon the case of *Martin* v. *Trustees,* supra, and the

authorities there cited, because it deals especially with the particular term "each," the term that gives strength to the contention of the plaintiffs in error. See, in this connection, the case of *Fulghum* v. *Strickland,* 123 *Ga.* 258 (51 S. E. 294). Without the distributive terms "each" and "equally" in the will, there could be no question that the devise was to a class.

Having held that the will gives the property of the testator to his children as a class, it necessarily follows that the children of the daughter of the testator, who died before her father, took no interest under the will in the estate of J. H. Hawkins, their grandfather. This principle has been ruled several times in decisions of this court. In the case of *Fulghum* v. *Strickland,* supra, it was said: "The general rule is that in a devise to children as a class, the word 'children' is to be construed as immediate offspring, and will not include grandchildren. So universal has this rule of construction obtained, that Sir William Grant said he 'never knew of an instance where there were children, to answer the proper description, that grandchildren were permitted to share along with them.' Oxford *v.* Churchill, 3 Ves. & Beam. 53. This principle is firmly intrenched in the law of this State, and grandchildren cannot take under a bequest to children unless there be something in the will to indicate such intention by the testator. *Walker* v. *Williamson,* 25 *Ga.* 549; *Willis* v. *Jenkins,* 30 *Ga.* 167; *White* v. *Rowland,* 67 *Ga.* 546." It seems to be equally clear that the estate created by the will in favor of the class should be treated as vesting immediately upon the death of the testator, there being no opposite purpose manifested in the language used; for we do not think that the postponement of the division of the estate until the death of the wife manifests a purpose contrary to the general rule that a bequest to a class vests upon the death of the testator, though there be a postponement of the time of possession and enjoyment. In the case of *Powell* v. *McKinney,* 151 *Ga.* 803 (108 S. E. 231), it was said: "The correct decision of the question depends upon whether the remainder interests vested at the death of the testator or at the death of the life-tenant. By this we mean the vesting of the title, and not the vesting of the right to the possession, use, and enjoyment of the property. 23 Ruling Case Law, 526, § 68. The Code of 1910, § 3680, declares, 'The law favors the vesting of remainders in all cases of doubt. In construing wills,

words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears.' Section 3677 provides as follows: 'If the remainderman dies before the time arrives for possessing his estate in remainder, his heirs are entitled to a vested remainder interest.' In the case of *Irvin* v. *Porterfield,* 126 *Ga.* 729 (55 S. E. 946), the will provided for a life-estate to the widow of the testator, and further provided: 'At the death of my wife I wish my property equally divided between my children.' In that case, at page 732, it was held, 'As a general rule, when there is a devise to a class, the members of the class are to be ascertained upon the death of the testator, as the will takes effect on that date. In a devise to children as a class by way of remainder, children in esse at the death of the testator take vested interests. . . The devise was to a class of children of the testator. This class was fixed by the conditions that existed at the death of the testator. And the interest of any that might die before the period of distribution passed to their heirs.' *Crawley* v. *Kendrick,* 122 *Ga.* 183, 187 (50 S. E. 41, 2 Ann. Cas. 643) ; *Milner* v. *Gay,* 145 *Ga.* 858, 860 (90 S. E. 65) ; *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482). The general rule elsewhere is that where property is devised or bequeathed to one person for life, with remainder over to the testator's children, the latter take a vested interest on the death of the testator, unless there is a clear manifestation of a contrary intent on the part of the testator. 23 Ruling Case Law, 530, 534, §§ 72, 78. In the present case there seems to be no clear manifestation of an intent to postpone the vesting of the title in the remaindermen, and therefore it is to be presumed that the testator intended that the remainder interest should vest at the moment when the will became operative. If there should be doubt on this question, it must be resolved in favor of the earlier vesting. We conclude that the remainder interest of H. Chapman Powell vested at the death of the testatrix, Mrs. Rucker, and that therefore the petition was not subject to demurrer on this ground." See, in this connection, the case of *Ham* v. *Jarrell,* 158 *Ga.* 77 (122 S. E. 773).

Many outside authorities might be cited in support of what we have said above, but we do not think it necessary to list them here. They are cited in leading text-books and encyclopedias,

under headings that relate to the question which we have had here to deal with.

We do not agree with counsel for plaintiffs in error in their contention that if the devise contained in the will under consideration was to a class, the will was void because the vesting of the estate would necessarily be postponed until the death of the widow of the testator who survived him, and that between the date of the testator's death and that of his widow there would be no owner of the title; that the title for that time would be in nubibus. While exactly appropriate terms may not have been used to carry out the intention, we think that it is clear that the intention of the testator was that there should be a vesting of the title at the time of the ascertainment of the class, although there was a postponement of possession of the individual shares going to each of the members of the class who were the beneficiaries under the will.

*Judgment affirmed. All the Justices concur.*