### JOHNS et al v. CITIZENS & SOUTHERN NATIONAL BANK, administrator, et al.

WYATT, Justice. John D. Johns died September 3, 1948, leaving a will dated July 21, 1936. His will, after leaving certain specific bequests, including bequests to each of his brothers and sisters, contained a residuary clause which provided: "What ev-er amount may be over when the donation are all made Is to be equelley d-evided among my Sisters & Brothers." At the time the will was executed, all the testator's brothers and sisters were in life. . However, one sister, Clare Helm, and one brother, William Johns, failed to survive the testator, but left surviving children who, together with the children of Ida Thornton, deceased child of William Johns, are plaintiffs in error in the instant case. After the will was probated, the administrator with the will annexed, Citizens & Southern National Bank, filed this petition in the Superior Court of Richmond County for a construction of the will of John D. Johns, joining all interested parties. No evidence was introduced by either party, and the case was heard by the judge of the superior court sitting without a jury. All parties agree with the construction placed on the will as to all items except the residuary clause, which is construed in the seventh paragraph of the decree, as follows: "The court finds that said clause constitutes a gift to a class consisting of the sisters and brothers of testator, the members of which class are to be ascertained as of the date of the death of the testator, and that only the individuals composing that class living at the death of the testator take thereunder, with the children and grandchildren of the sister and brother who predeceased testator taking no interest in the residue, and the court construes said residuary clause accordingly." The sole question in the review of this case is the correctness of this ruling. *Held:* ·

1. The general rule to guide courts in the construction of wills is laid down in § 113-806 of the Code, Annotated, and provides in part: "In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law; . . but if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." Clauses similar to the one here under consideration have been construed many times by this court. In *Toucher* v. *Hawkins*, 158 *Ga.* 482 (123 S. E. 618), this court had under consideration the following provision: "I hereby will

that my entire property, all that I now have or may hereafter possess at my death, to remain just as it is without any division whatsoever so long as my wife, Mattie J. Hawkins, may live, and then the entire property to be equally divided between each of my children." This was held to constitute a gift to the children of the testator as a class. In *Fulghum* v. *Strickland,* 123 *Ga.* 258 (51 S. E. 294), this court construed the following provision: "If I should die before my wife, I give to her a life estate in all my property, both real and personal, of all kinds whatsoever, as long as she may remain a widow. But in the event of her marriage, then the whole of the estate, both real and personal, shall immediately go to and be distributed or divided equally among the children of my two sisters, Mrs. Miles Tanner, Mrs. W. H. Fulghum, and my brother, Amos A. Jordan, each of the above families to share equally, to have one-third of my property, both real and personal." It was held that the above language constituted a gift to the children of the named sisters and brothers as a class, and only children of the named sisters and brothers who survived the testator took any interest under the will. There are many other examples where .this court has similarly held, but it would serve no useful purpose to relate them here. See, however, in this connection: *Tolbert* v. *Burns,* 82 *Ga.* 213 (8 S. E. 79); *Davie* v. *Wynn,* 80 *Ga.* 673 (6 S. E. 183); *Martin* v. *Trustees of Mercer University,* 98 *Ga.* 320 (25 S. E. 522); *Hancock* v. *Griffin,* 171 *Ga.* 787 (156 S. E. 659), and cases cited. The decisions of this court, which have consistently held that language such as is under consideration in the instant case, in the absence of circumstances tending to another result, constitutes a gift to a class to be ascertained upon the occurrence of an indicated event, make it obligatory upon this court, under the last clause of the Code section above quoted, to give the same effect to the language here used. Furthermore, we believe that this result best effectuates the intention of the testator in the instant case. He chose the language which he used in his will. The clause, "when the donation are all made," given its ordinary and popular meaning, denotes the time when the distribution is to be made. That could occur only at the death of the testator, and he was well aware of that fact. Who, then, were his brothers and sisters at that time? Only those who were in life and bore a certain relationship to the testator. Those are the persons whom we believe were intended to be the objects of this testator's bounty.

2. Counsel for the plaintiff in error argue at some length that § 113-812 of the Code, Annotated—which provides as follows: "If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the. death of testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor"—has the effect of creating an interest in the residue in the children of deceased brothers and sisters. However, § 113-812 has no application in this case. This section provides what shall be done when a legatee who has already been determined predeceases the testator, and is intended to prevent the lapse of legacies. No question of lapsed legacies is here involved. *Martin* v. *Trustees of Mercer*

*University,* supra, *Davie* v. *Wynn,* supra, *Davis* v. *Sanders,* 123 *Ga.* 177ᵘ (51 S. E. 298), and cases cited. It follows that the portion of the decree that is complained of is not error, and the judgment is accordingly                          *Affirmed. All the Justices concur.*

No. 16884. JANUARY 10, 1950.

*Congdon, Harper & Leonard,* for plaintiffs in error.
*Fulcher & Fulcher* and *W. D. Lanier,* contra.