20942. VEAL *et al.*, Executors v. KING *et al.*

ARGUED JULY 11, 1960—DECIDED SEPTEMBER 8, 1960—REHEARING DENIED SEPTEMBER 21, 1960.

300

*D. D. Veal*, for plaintiffs in error.

*Sanders, Thurmond & Hester, Joseph B. Duke, Glenn B. Hester,* contra.

HEAD, Presiding Justice. The sole issue submitted to the trial judge was the construction of item 14 of the will of O. F. Veal, Sr. The executors in their brief filed in this court concede that the petitioners are entitled to the property devised to their father in item 6 of the will. Apparently none of the parties consider that the circumstances surrounding the testator at the time of the execution of his will would aid in its construction. The facts alleged in the petition are meager. The testator executed his will on October 3, 1951, and a codicil to the will on August 29, 1952. He died on October 6, 1957. J. Ralph Veal, Sr., a son of the testator, and the father of the petitioners, died on July 3, 1956.

In items 4 through 12 of the will, the testator devised specific real property to six sons and two daughters, and bequeathed $3,000 to another son. In item 14, he provided that the residue of his property, after the payment of debts, be "divided equally, share and share alike among my surviving children or their bodily heirs, that is, among my children who are in life at my death, except that the share of my daughter, Ethel Franks, shall be held in trust, etc." It is the contention of the petitioners that the testator intended that the residue of his estate should be divided equally among his children who were surviving at his death, and the bodily heirs of children who predeceased him, and that the phrase, "that is, among my children who are in life at my death," was intended to mean children and the representatives of deceased children.

Code § 113-806 provides: "In the construction of all legacies,

the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law; and to this end the court may transpose sentences or clauses, and change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear and unquestionable; but if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention."

In order to construe item 14 of the will as the petitioners contend it should be, it would be necessary to make deletions and substitutions in the language of the testator, and we are not authorized to do this, since the item as written has a logical meaning, consistent with the rules of law, which can be given effect. "Where the language of a will is clear and can be given legal effect as it stands, the courts will not, by construction, give the will a different effect." *McClelland v. Johnson*, 211 Ga. 348 (86 S. E. 2d 97). See also *Crawley v. Kendrick*, 122 Ga. 183 (2) (50 S. E. 41, 2 Ann. Cas. 643).

The ordinary meaning of the words "my surviving children" is the children of the testator surviving him at his death. *Vickers v. Stone*, 4 Ga. 461; *Crawford v. Clark*, 110 Ga. 729 (5) (36 S. E. 404). That the testator meant the words in their ordinary sense is unquestionably shown by the further explanation, "that is, among my children who are in life at my death." The testator by item 14 created a gift to a class, his children who were in life at the time of his death. It is the general rule that, in a devise to a class, the members of the class are to be ascertained as of the date of the death of the testator, and to take a case out of the general rule, the intention to do so must be shown by clear and unambiguous language. *Springer v. Congleton*, 30 Ga. 976; *Davie v. Wynn*, 80 Ga. 673 (6 S. E. 183); *Davis v. Sanders*, 123 Ga. 177 (51 S. E. 298); *Toucher v. Hawkins*, 158 Ga. 482 (123 S. E. 618); *Johns v. Citizens & Southern Nat. Bank*, 206 Ga. 313 (57 S. E. 2d 182); *Hurst v. McKissack*, 209 Ga. 440 (73 S. E. 2d 91). In *Renney v. Kimberly*, 211 Ga. 396 (86 S. E. 2d 217), it was held: "Grandchildren take nothing in a will under a bequest to children as a

class, unless there be something to indicate and effectuate an intention that they should take the interest of their parent who dies before the testatrix." See also *Fulghum v. Strickland,* 123 Ga. 258 (51 S. E. 294); *Hancock v. Griffin,* 171 Ga. 787(2) (156 S. E. 659).

The only words in item 14 which raise any doubt as to the intention of the testator are the words "or their bodily heirs," immediately following the words "my surviving children." "Bodily heirs" mean children. *Starnes v. Sanders,* 151 Ga. 632 (108 S. E. 37); *Everitt v. LaSpeyre,* 195 Ga. 377, 382 (24 S. E. 2d 381). The only logical construction of the sentence is that the words "their bodily heirs" mean children of the testator's children who survive his death. To construe these words in accordance with the contention of the petitioners, it would be necessary to delete the word "their" and to insert words not used in the will, such as, "or the bodily heirs *of deceased children.*"

It is not necessary to make such a change in the testator's language in order to prevent the phrase "or their bodily heirs" from becoming meaningless. The testator had provided that the fee-simple title to several pieces of real property devised under previous items of the will was "subject to timber rights for a period of five years from my death"; he had provided for forfeitures of certain devises under stated conditions; and in items 12 and 14 he provided that devises and bequests to his daughter Ethel Franks should revert to his estate under certain circumstances. Thus, a complete distribution of his estate might be delayed for many years, and it is logical to assume that he intended that, after his residuary estate had vested in his children who were in life at his death, if any of these children should die before a complete determination and distribution of the residuary estate, their heirs would stand in the place of the deceased children. This interpretation of the item is in accord with the general rules of law in the construction of wills, and is in accord with the apparent wishes of the testator that the class of children taking under item 14 be limited to those surviving him, which is indicated both by the use of the word "surviving" and the explanatory phrase, "that is, among my children who are in life at my death."

In *Baker v. Citizens &c. Nat. Bank,* 175 Ga. 161 (165 S. E. 21), this court construed the following provision of a will: "If my beloved wife dies before marrying after my death, then the property to be divided equal among my children then living, or their children," and held that the words "or their children" was a devise "to the children of such children of the testator as may die before the termination of the life estate." The facts of the *Baker* case are clearly distinguishable from those in the present case. In that case the devise was a remainder estate, and at the termination of the life estate there was nothing to delay a distribution of the remainder estate, thus making the words "or their children" meaningless unless construed as was done by this court.

The only construction of item 14 of the will in the present case that will give effect to the emphatic language indicating that the class of devisees is to be composed of the testator's children who are in life at his death is that the children of a son who predeceased the testator do not take under this item, and the trial judge erred in construing this item of the will to include the petitioners.

*Judgment reversed. All the Justices concur.*