### LANE v. PATTERSON et al.

FISH, C. J.  A testator executed his will in 1885, which was probated in 1896. The substance of so much of the instrument as is here material was:  Separate parcels of described realty were devised respectively to the three daughters of the testator, Lavinia, Josephine, and Emma, and to his son George, in items 1, 3, 5, and 8.  Each of such devises was for and during the life of the devisee, with remainder to the child or children of the respective devisee living at the time of the death of the devisee.  In item 6 certain other described realty was devised to Josephine, and to Emma, "in trust for Lucinda V., . . said Josephine . . to have and to hold the property in this item bequeathed to her for and during her natural life, and at her death to her children living at the time of her death.  And the said Emma . . to have and to hold the property in this item bequeathed to her as trustee for my daughter, said Lucinda V., . . in trust for the use, benefit, and behoof of the said Lucinda V., . . for and during her natural life, and at her death to her children living at the time of her death."  In item 7 certain other described realty was devised to Emma, in trust "to and for my daughter said Lucinda V., . . for and during her natural life, then to vest in and become the property of the children of the. said Lucinda V. . . living at her death."  Item 10 was as follows:  "I give, devise, and bequeath to my said daughter Lavinia, . . Josephine, . . Emma, . . in trust for Lucinda V., . . Emma, . . and to my son, George, . . all my other lands not hereinbefore disposed of, of which I may die. seized and possessed, for and during their natural lives, and at their deaths to their respective children living at the time of their death, to be divided among my said children, share and share alike."  Item 13 was as follows:  "Having fully provided for my deceased daughter Roxy Ann, . . in her lifetime, and having advanced to her in lands and money a portion equal to the share given to each of my said children in this will, I make no provision or bequest to her children."  The testator died seized and possessed in fee of other lands than those specifically devised in items 1, 3, 5, 6, 7, and 8 of the will, which others were subject to the provisions of item 10, and which, after the death of the testator, were partitioned in kind among the children of the testator, named in item 10 of, the will.  Lucinda V. subsequently died unmarried and without children. *Held:*

1. Item 10 in which was devised only all "other lands" of which the testator might be seized and possessed, "not hereinbefore disposed of," did not purport to dispose of, nor dispose of, any of the lands previously devised to Lucinda V. in items 6 and 7, nor any reversionary interest therein.

2. The devise of the lands to Lucinda V., for life with remainder to her children living at her death, in items 6 and 7 of the will, as well as the devise to her for life with remainder .to her children living at her death, in the 10th item of the will, remained contingent until the death of Lucinda V.; and there being no child of hers to take any remainder, there was an intestacy as to such lands after her death, and they

reverted to the estate of the testator, and descended to his heirs at law at the time of the death of Lucinda V., according to the statute of distributions of this State.

3. The children of Roxy Ann, living at the time of the death of Lucinda V., were entitled to participate in the distribution of the property devised to Lucinda V. in items 6, 7, and 10 of the will, though nothing was given to them in the will.

4. The trial judge properly construed the will in a proceeding praying for its construction, and for a partition of the lands devised to Lucinda V. among those having an interest therein; the judge by consent passing upon the case without the intervention of a jury and on an agreed statement of facts. *Judgment affirmed. All the Justices concur.*
SEPTEMBER 24, 1912.

Equitable petition. Before Judge Rawlings. Jenkins superior court. March 28, 1911.

*Williams & Bradley,* for plaintiff in error.
*Anderson & Rabb, Brannen & Booth,* and *Hines & Jordan,* contra.