## BROOKINGS *v.* TRAWICK.

The court did not err in sustaining the general demurrer and dissmissing the petition.

No. 2292.   MARCH 16, 1921.

Complaint for land. Before Judge Park. Hancock superior court. September 27, 1920.

*G. L. Dickens* and *T. M. Hunt,* for plaintiff.

*Burwell & Fleming,* for defendant.

GILBERT, J. Brookings filed complaint against Trawick, for a one-third undivided interest in described land. Plaintiff's claim is based upon the terms of the will of his grandfather, Frederick Trawick. This will, which is attached to the petition, among other provisions, disposed of the land in question by devising it to Martha W. Franks, a daughter of the testator. Mrs. Franks died without child or children, leaving two sisters, the only children born of the testator. The plaintiff claims that he stands in the position of a child rather than a grandchild, because in his infancy, and during the time of the absence of his father in the Confederate army, his mother, a daughter of the testator, gave petitioner to his grandfather, Frederick Trawick; that on the return of his father from the army he recognized the gift and never claimed petitioner as his child; that petitioner was reared in the family of his grandfather as a child and was always treated as such. The particular part of

the will relied upon is the following in the codicil: " If any of my legatees die without children, the property given or coming to them in this will is to go to the living children mentioned in the codicil." Another paragraph of the codicil disposes of the personal property of the testator " to my son James P. Trawick, my daughters Amanda Brookings, Martha W. and Susan J. Trawick and Julizza Thompson, and John F. Brookings." The plaintiff contends that under the item first quoted he is entitled to a one-third interest in the land sued for, which was devised to Mrs. Franks. It will be observed that in the disposition of the personal property, as quoted above, the testator names one person as a son and several others as daughters, concluding the list of legatees with the name of John F. Brookings, without calling him either son or grandson. In a previous item of the codicil, however, to wit, the second item, the testator provides as follows: " I give to my grandson, John Frederick Brookings, one third of my Buffalo or Perkins Plantation," thus clearly showing that he regarded Brookings as a grandson and not as a son. *White* v. *Rowland,* 67 *Ga.* 546 (44 Am. R. 731); *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177); *Fulghum* v. *Strickland,* 123 *Ga.* 258 (51 S. E. 294).

The court dismissed the petition on general demurrer, which constitutes the basis of the sole assignment of error. It appears that the ruling of the court was proper, and that the judgment must be

*Affirmed. All the Justices concur, except George, J., absent.*