DAVIDSON *et al. v.* BLACKWELL, administrator, *et al.*

The court did not err in the construction of the will, nor in the decree rendered in accordance therewith, in so far as complaint is made in the case before us.

No. 2224. SEPTEMBER 13, 1921. REHEARING DENIED SEPTEMBER 26, 1921.

Construction of will. Before Judge Park. Jasper superior court. August 2, 1920.

Blackwell, as administrator de bonis non cum testamento annexo of the will of James Aken, filed a petition for construction of the will and direction. As far as it appears all persons interested therein were made parties, and the case was by agreement submitted to the judge on the pleadings, the case being controlled by a question of law. The court rendered a judgment to which only two of the parties, Lillie Davidson and Florence Pouder, excepted. The remaining parties being content with the judgment,

only so much of the record need be stated as concerns the plaintiffs in error.

The will of James Aken was executed on February 21, 1871, and a codicil to the same was executed on September 5, 1871. The testator died in 1872, and the will was probated in solemn form during the same year. The testator had only four children, Sam, Mary, Charles P., and John C., all of whom except Charles P. predeceased the testator. Mary, who by marriage became Mary Geiger, left one child, Ellen, who afterwards became Ellen Pendergrass. Sam Aken left a son, Ransom H. Aken; the father of the plaintiffs in error, who claim the interest which they allege their father would have taken in certain land which Ellen Pendergrass took under the will had he been in life at and subsequent to the death of Ellen Pendergrass. The other two children both left children, but their interests are not involved in that part of the judgment of the trial court to which the plaintiffs in error have excepted. The portions of the will material to a decision of the question presented are as follows:

"Article 2. I give, grant, and devise to my two grandchildren, Ransom H. Aken and Ellen Geiger, as tenants in common, all the land of which I may die seized and possessed, situated, lying, and being between Camp Creek, Gap Creek, and Turkey Creek, in the County of Jasper, in said State, as those streams now run, including my present homestead. The interest of said Ellen Geiger in the same to be subject to the limitations and conditions hereinafter expressed and annexed.

"Article 3. My will and desire is (and I so direct) that all the balance of my estate of every kind whatsoever, including all the land I own on the northwest side of Turkey Creek, the same being situated part in the County of Morgan and part in said County of Jasper, be sold by my executors and the proceeds thereof be equally divided between all of my children and grandchildren, excepting my said grandson John F. Aken. Each set of my grandchildren to take such share as would be going to his or her or their parents were he or she in life, and no more.

"Article 4. My will and desire is that all the property of every kind which granddaughter Ellen Geiger may receive under this my will, in case should she die leaving no children's children at the time of her death, shall go to the other legatees named in

4

this will, excepting always my said grandson John F. Aken. That is to say, to my children and grandchildren, to be divided between them as provided in Article 3rd above,", and "that portion of my said land which may be going to my granddaughter Ellen Geiger [afterwards Ellen Pendergrass] be subject to the same limitations, conditions, and restrictions as attach to all other property given her by said original will."

The petition further alleges, that subsequently to the death of the testator Ransom H. Aken and Ellen Pendergrass entered into possession of the land bequeathed to them, with the assent of the executors, and later entered into a voluntary partition of said lands, whereby each entered into possession in severalty of the portion of the lands devised to them as tenants in common under article 2 of the original will of James Aken; and that the petitioner as administrator recognized the voluntary partition of said land; that subsequently to the death of the testator, and subsequently to the partition of the lands devised to Ransom H. Aken and Ellen Pendergrass, Ransom H. Aken by deed conveyed to Ellen Pendergrass all of his rights in remainder in and to the lands awarded to Ellen Pendergrass under and by virtue of said voluntary partition, and that subsequently to said conveyance Ellen Pendergrass conveyed to J. H. Bullard all of her rights under said deed from Ransom H. Aken, and that Bullard is now claiming to be the owner of such interest in said land as Ransom H. Aken would have taken under the will of the testator had he not conveyed the same to Ellen Pendergrass. Ransom H. Aken died subsequently to the execution of the deed to Ellen Pendergrass, and previously to the death of the latter. The plaintiffs in error, the only living children of Ransom H. Aken, contend that the only interest acquired by Bullard under his deed from Ellen Pendergrass was her life-estate; that as beneficiaries under the will of James Aken they succeeded, upon the death of Ellen Pendergrass, to whatever interest their father, Ransom H. Aken, would have taken had he been in life at the time of the death of the life-tenant; that the intention of the testator that great-grandchildren as a class should share in the distribution of the estate is manifested by the provision that in the event of the death of Ellen Pendergrass without "children or children's children" the property devised to her should be distributed in accordance with article

three of the will. The petition of the administrator alleges further that it is contended by certain of the grandchildren of the testator that children of grandchildren, or great-grandchildren of the testator, do not take any interest in or share in the estate. Ellen Geiger, née Pendergrass, was a woman of mature age at the death of the testator, but subsequently died, never having had a child. The court rendered a decree, in so far as the same is brought in question by this bill of exceptions, as follows: " Sam Aken, a son of testator, died previous to the death of testator. Therefore his son, Ransom H. Aken, was entitled to one third of the property bequeathed to Ellen Geiger, his interest being a contingent interest, which became vested upon the death of the said Ellen Geiger, without children or the representatives of children. As he conveyed a contingent interest in certain property left to the said Ellen Geiger and as she conveyed this property to J. H. Bullard, as will be seen from the copies of said deed attached to the intervention of the said J. H. Bullard, said conveyance places the title of the land described therein in the said J. H. Bullard, that is one third undivided interest as set forth in said intervention; and the said J. H. Bullard would be entitled to one third interest in the proceeds of the sale of the lands described in said conveyances. Under the law, a contingent interest can be conveyed. *Isler* v. *Griffin,* 134 *Ga.* 192, and *Irby* v. *Smith,* 147 *Ga.* 329. Ranson H. Aken took under the will, but his children or representatives of children took as his heirs at law. Said heirs at law would be entitled to one third of the net proceeds of the lands not included in said deeds."

*W. S. Florence,* for plaintiffs in error.

*A. Y. Clement, A. S. Thurman, Greene F. Johnson,* and *E. M. Baynes,* contra.

GILBERT, J. Under the terms of the will Ellen Geiger, afterwards Ellen Pendergrass, a grandchild of the testator, took fee simple title to the land in question, defeasible upon her dying without child or children. *Curles* v. *Wade,* 151 *Ga.* 142 (106` S. E. 1). In the same item of the will it is further provided that on the occurrence of the event just mentioned the property devised to her " shall go to the other legatees named in this will, . . that is to say, to my children and grandchildren, to be divided between them as provided in Article 3rd above."

Article 3rd provides that the land be sold and the proceeds thereof " equally divided between all of my children and grandchildren," except one specified grandson, and " each set of my grandchildren to take such share as would be going to his or her or their parents were he or she in life, and no more." Ransom H. Aken, father of the plaintiffs in error, as appears from the statement of facts preceding, executed a deed during his lifetime to Ellen Pendergrass, conveying any remainder interest that he might have, and died previously to the death of Ellen Pendergrass. The question as to whether Ransom Aken, at the time of the execution of his deed, possessed an interest in the land which he was capable of conveying to Ellen Pendergrass, as against the grandchildren of the testator other than the plaintiffs in error, need not be decided; for, as we have pointed out further on in this decision, the plaintiffs in error, who are great-grandchildren of the testator, took no interest under the provisions of the will in favor of grandchildren. Any supposed claim of these plaintiffs in error is necessarily referable to their right of inheritance from Ransom Aken, their father; and if the estate in controversy here fell in to Ransom Aken, either upon the death of the testator or upon the death of Ellen Pendergrass, so that had he never executed a conveyance to Ellen Pendergrass the plaintiffs in error would have inherited, when that estate did fall in, the deed which he executed to Ellen Pendergrass immediately became operative to convey the estate to her according to the terms of the conveyance, and, by reason of her deed, to the benefit of her grantee, J. H. Bullard; so that in either event, irrespective of when the contingent interest vested, it was conveyed to Bullard by means of the deeds of Ransom Aken and Ellen Pendergrass. *Isler* v. *Griffin,* 134 *Ga.* 192 (4) (67 S. E. 854); *Irby* v. *Smith,* 147 *Ga.* 329 (93 S. E. 877).

Inasmuch as the plaintiffs in error, great-grandchildren of the testator, could not take this property by inheritance from Ransom Aken, his deed having conveyed whatever interest he might have had, the remaining question is whether they could take under the provisions in the will in favor of grandchildren; in other words, does the term " grandchildren " include " great-grandchildren," the plaintiffs in error insisting that under the terms of the will the testator intended to include great-grandchildren.

as well as grandchildren, to take the share or interest of their deceased parent. It has been decided by this court that the word "children," unless the will discloses a contrary intention, does not include grandchildren. *Walker* v. *Williamson,* 25 *Ga.* 549; *Willis* v. *Jenkins,* 30 *Ga.* 167; *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *Lyon* v. *Baker,* 122 *Ga.* 189 (50 S. E. 44); *Fulghum* v. *Strickland,* 123 *Ga.* 258 (51 S. E. 294); *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177); *Brookings* v. *Trawick,* 151 *Ga.* 335 (106 S. E. 550), and authorities cited. See also Pimel *v.* Betjemann, 183 N. Y. 194 (76 N. E. 157 2 L. R. A. (N. S.) 580, 5 Ann. Cas. 239); 1 Words & Phrases (2d Series), 675. The same principle would apply, in considering the intention of the maker of a will who had referred therein to children and grandchildren, as to whether it was his intention to include great-grandchildren. 28 R. C. L. 253; Cummings *v.* Plummer, 94 Ind. 403 (48 Am. R. 167); Thomas *v.* Thomas, 97 Miss. 697 (7) (53 So. 630).; 40 Cyc. 1455. In view of the authorities just cited we find no basis upon which the words "children and grandchildren," as employed in this will, can be construed to include great-grandchildren. It necessarily follows that since the plaintiffs in error are great-grandchildren, they acquired no interest in the land in question on the death of Ellen Pendergrass. Moreover, if the estate of Ransom Aken, the father of the plaintiffs in error, acquired any interest in the land at the death of Ellen Pendergrass, it would operate to the benefit of the grantee in his deed, relating back to the time of the grant, and would serve to convey that title and interest out of the estate. Ellen Pendergrass having, in her lifetime, conveyed the title to J. H. Bullard, it would necessarily follow that the trial court correctly decided that J. H. Bullard acquired an interest which otherwise would have gone to Ransom H. Aken on the death of Ellen Pendergrass.

*Judgment affirmed. All the Justices concur.*