HANCOCK *et al. v.* GRIFFIN *et al.,* executors, *et al.*

No. 7896. JANUARY 17, 1931.

*H. A. Allen, W. B. Hollingsworth,* and *E. M. Smith,* for plaintiffs.

*Charles H. Griffin* and *O. J. Coogler,* for defendants.

HINES, J.   On July 11, 1923, Mattie F. Edwards executed her will.   By the third item thereof she directed that her executors sell all of her property as soon as it was to the best interest of the estate, but not to be unnecessarily delayed.   The fourth item of this will is as follows: "As soon as said property is reduced to cash by being sold as above indicated and whatever money I may have on hand at the time of my death be divided among the following parties, in the following manner: to I. G. Dorsey, one eighth (1/8) of my entire estate; to J. S. Dorsey one eighth of my entire estate; to the

heirs, meaning the children, of Katie Fullerton, deceased, one eighth of my entire estate; to the children of my deceased brother John Dorsey one eighth of my entire estate; to the children of Will Dorsey one eighth of my entire estate; to the children of Allie Ward one eighth of my entire estate; to the children of Birdie Blalock one eighth of my entire estate; and to the children of my deceased sister Lavonia Walker one eighth of my entire estate. The purpose of this item is intended to bequeath to my brothers in life and the heirs of deceased brothers and sisters one eighth of my entire estate."

On November 17, 1928, the testatrix executed a codicil, the first item of which is as follows: "I. G. Dorsey having been bequeathed, in item 4, a one-eighth interest of my entire estate, and he having also been nominated as executor as set out in item 6 of the original will, said I. G. Dorsey having departed this life, leaving no children, it is my will and desire that all my estate be divided among the following parties, to wit: 1. To J. S. Dorsey one-seventh interest in my entire estate. 2. To the children of Katie Fullerton, deceased, one-seventh interest of my entire estate. 3. To the children of my deceased brother, John Dorsey, a one-seventh interest of my entire estate. 4. To the children of my deceased brother, Will Dorsey, one seventh of my entire estate. 5. To the children of my deceased sister, Allie Ward, one seventh of my entire estate. 6. To the children of my deceased sister, Lavonia Walker, one seventh of my entire estate. 7. To the children of my deceased sister, Birdie Blalock, one seventh of my entire estate. The purpose of this item is to bequeath to my brother in life, J. S. Dorsey, and to the heirs of my brothers and sisters hereinbefore named, a one-seventh interest in my estate."

The testatrix died on January 10, 1929. Katie Fullerton was a sister of testatrix. She left four children, one of whom was Mrs. W. P. Howard. Mrs. W. P. Howard died on August 10, 1923, leaving as her only children and sole heirs at law Mrs. B. L. Hancock, Mrs. R. H. Fife, H. G. Howard, and Bob Howard. Will Dorsey had two children, one of whom was Mattie Hightower. She died in 1925, leaving as her only child and sole heir at law Willie W. Hightower. Allie Ward, who died in 1905, had two children, one of whom was Zack Ward. Zack Ward died on November 8, 1914, leaving one child and sole heir at law, Abner Ward. Lavonia

Walker had nine children, one of whom was R. A. Walker, who died before the death of the testatrix, and left three children, J. Matt Walker, Dorothy Walker, and Majorie Walker. The grandchildren of Katie Fullerton claim that under the will the heirs at law of Katie Fullerton are entitled to one seventh interest in the entire estate of testatrix, and that they as sole heirs at law of their mother are entitled to one fourth of one seventh interest in said estate, or one twenty-eighth interest therein. Said Willie W. Hightower claims that he is entitled to one half of one seventh interest in said estate, or one fourteenth interest therein. Abner Ward claims that he is entitled to one half of one seventh interest or one fourteenth interest. The grandchildren of Lavonia Walker claim one ninth of one seventh of the estate of testatrix, or one sixty-third of the whole estate. These claimants brought the present suit against the executors of the testatrix, to recover the respective interests claimed by them in this estate. To this suit the executors and certain intervenors demurred, and filed answers denying the rights of these claimants to recover. The case was submitted to the trial judge for decision upon the pleadings, the sole question involved being whether grandchildren of deceased brothers and sisters were entitled to any interest in the estate of the testatrix under this will. The trial judge held that they were not, and rendered judgment sustaining the demurrer and dismissing the petition. To this judgment the plaintiffs excepted.

Were the plaintiffs entitled to recover any interest in the estate of the testatrix, they being grandchildren of Katie Fullerton, Will Dorsey, Allie Ward, and Lavonia Walker, who were the deceased sisters and brothers of the testatrix? If the gifts to the children of the deceased brothers and sisters of the testatrix were gifts to classes, and not to such children individually, then the plaintiffs in this case are not entitled to recover. A gift to a class is a gift of an aggregate sum to a body of persons, uncertain in number at the time of the gift, to be ascertained at a future time, and who are to take in equal or some other definite proportions, the share of each being dependent for its amount on the ultimate number, and is not on its face a transfer of title to any particular or designated member or members of the class. One of the characteristics of a gift to a class is that its members are to be ascertained at a future time; and wherever at the time of making a will the

number of beneficiaries is certain, and the share each is to receive is certain, and not dependent upon the number who shall survive, the gift is not to the class, but to the individuals personally. *Toucher* v. *Hawkins,* 158 *Ga.* 482 (123 S. E. 618). In case of a devise to a class, the general rule is that the members of the class are to be ascertained upon the death of the testator, since the will usually speaks from that date; and to take the case out of the general rule the intention to do so must be shown in language clear and unambiguous. *Tate* v. *Tate,* 160 *Ga.* 449 (1 *a*) (128 S. E. 393). A gift to a class, to take effect upon the testator's death, includes only those members of the class who are living at the time of the death of the testator. *Wood* v. *McGuire,* 15 *Ga.* 202; *Martin* v. *Trustees,* 98 *Ga.* 320 (25 S. E. 522); *Parker* v. *Churchill,* 104 *Ga.* 122 (30 S. E. 642). Grandchildren can not take in a will under a bequest to children as a class, unless there be something in the will to indicate and effectuate such intention by the testator. *Walker* v. *Williamson,* 25 *Ga.* 549; *Lyon* v. *Baker,* 122 *Ga.* 189 (50 S. E. 44). The ordinary, popular, and legal sense of the word "children" embraces only the first generation of offspring; and for it to be extended further, so as to embrace grandchildren, there must either be something in the context showing that a larger signification is intended, or the person using it must know that there neither then is, nor can afterwards be, any person to whom the term can be applied in its appropriate sense. *Willis* v. *Jenkins,* 30 *Ga.* 167; *White* v. *Rowland,* 67 *Ga.* 546, 554 (44 Am. R. 731); *Crawley* v. *Kendrick,* 122 *Ga.* 183, 188 (50 S. E. 41, 2 Ann. Cas. 643). The word "children," unless the will discloses a contrary intention, does not include grandchildren. *Davidson* v. *Blackwell,* 152 *Ga.* 48, 53 (108 S. E. 469).

So where a testator gave to his wife a life-estate in all his property as long as she remained a widow; but directed that in the event of her marriage the whole of his estate should immediately go to and be distributed or divided equally among the children of his two named sisters and a brother, the children of each of the named persons to have one third of his property, this court held that the bequest was to the children of the named sisters and brother as a class, and that only the children of the named sisters and brother took under the will, and that the descendants of children who died before the testator's death took no interest

thereunder. *Fulghum* v. *Strickland,* 123 *Ga.* 258 (51 S. E. 294). In *Toucher* v. *Hawkins,* supra, the testator directed that his entire property should remain just as it was, without any division, as long as his wife might live, "and then the entire property to be equally divided between each of my children." Prior to the death of the testator one of his children, a daughter, died leaving two children. A suit was filed by these grandchildren, in which they prayed for a construction of the will, and that it be decreed that they were entitled to share in their grandfather's estate. This court held that the bequest in this case was to the children of the testator as a class, and that the grandchildren took no interest thereunder. The two cases last cited differ from the instant case in one respect. In *Fulghum* v. *Strickland* the gifts were to the children of two named sisters and a brother of the testator; and the number of these children who were to take could not be ascertained until after the deaths of such sisters and brother. In *Toucher* v. *Hawkins,* the bequests were to the children of the testator; and the number of these children could not be ascertained until his death. This distinction, however, does not make the gifts in the present case gifts to individuals, but to the children of the deceased brothers and sisters as a class, as it was held in *Davie* v. *Wynn,* 80 *Ga.* 673 (6 S. E. 183). In that case a devise over was to the nephews and nieces, the children of a deceased brother of the testator and the children of a deceased brother-in-law of the testator; and this court held that the devise was to a class, and that the nieces who died before the testator and before the execution of the will were not included therein, and that their children took nothing under the devise. This ruling was followed and approved in *Tolbert* v. *Burns,* 82 *Ga.* 213 (8 S. E. 79).

There is nothing in this will to indicate that it was the intention of the testatrix that grandchildren of her deceased brothers and sisters should take under her will in the place of their deceased parents. The declaration that it was the intention of the testatrix to bequeath to the heirs of her deceased brothers and sisters a one-seventh interest in her estate does not indicate that it was the intention of the testatrix that children of the deceased children of her deceased brothers and sisters should share in her estate. Bequests to the heirs of her deceased brothers and sisters were to a class. If the gift is to the heirs of one other than the testator, the time as

of which such class is to be determined depends, in the absence of a definite indication of testator's intention, upon the time of the death of such other person with reference to that of the testator. If such other person dies before the death of the testator, his heirs are to be determined as of the death of the testator. Lee *v.* Paine, 4 Hare, 201. This is especially true if such other person died before the will was made. Philps *v.* Evans, 4 DeG. & Sm. 188; In re Page, 181 Cal. 537 (185 Pac. 383); Ruggles *v.* Randall, 70 Conn. 44 (38 Atl. 885); Mockbee *v.* Grooms, 300 Mo. 446 (254 S. W. 170). So we are of the opinion that the bequests to the children of the deceased brothers and sisters of the testatrix were to a class; and that children of a member of the class who died before the testatrix, and before the execution of her will, take no interest in her estate thereunder. It follows that the trial judge did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*