LOVVORN, executor, *v.* LOVVORN, executor.

No. 11179. APRIL 17, 1936.

· *Boyd A. Lovvorn,* for plaintiff. *Willis Smith,* for defendant.

BECK, Presiding Justice. Boyd A. Lovvorn as executor of the estate filed a petition for construction of the will of E. M. Lovvorn, deceased. The will was executed on August 12, 1911, and the testator died in May, 1912. The will was probated a short time afterwards. J. E. Lovvorn was named as a legatee, he was never married, and died in March, 1932, without leaving any child. C. L. Lovvorn qualified as his executor. The item of the will for construction was as follows: "I give, bequeath, and devise to my surviving children, and to the lawful heirs of those not surviving, all my property, both real and personal, share and share alike, situate, lying, and being in Randolph County, Alabama. If either of said children shall die leaving no child or children, then the estate in remainder shall be equally divided, share and share alike, between the surviving children." It is the contention of the plaintiff that at the death of J. E. Lovvorn the property which he took under the will reverted to the other heirs, the surviving children of the testator, while the executor of J. E. Lovvorn contends that he took absolute title, or a vested remainder. His general demurrer to the petition was sustained, and the plaintiff excepted.

We are of the opinion that the court erred in sustaining the demurrer. Under the item of the will quoted above, J. E. Lovvorn took title to his share of the estate, but this title was defeasible, being contingent upon his leaving a child or children; and when he died leaving no child or children, or descendant of such, and died without having ever married, the property which he took under his father's will reverted to the estate of the testator, to be divided among the other children, share and share alike. The judgment sustaining the demurrer was contrary to this ruling, and must be reversed. *Kemp* v. *Lewis,* 147 *Ga.* 254 (93 S. E. 404).

*Judgment reversed. All the Justices concur.*