ARMSTRONG JUNIOR COLLEGE COMMISSION *et al.* v. LIVESEY *et al.; et vice versa.*

826

Nos. 13124, 13125.  FEBRUARY 15, 1940.  REHEARING DENIED MARCH 15, 1940.

828

*Adams, Douglas & Brennan,* for plaintiffs in error.

*Hitch, Denmark & Lovett, A. Leopold Alexander, H. Mercer Jordan, Abrahams, Bouhan, Atkinson & Lawrence,* and *Robert E. Falligant,* contra.

GRICE, Justice. (After the foregoing statement of facts.) ■ The words "life-estate," "estate" during spinsterhood, and "remainder" are nowhere used in the will, but their absence does not affect the character of the estates created, if estates for life or spin-

sterhood and an estate in remainder result from the language used. While the giving clause refers only to "income," this is sufficient to carry an estate in the realty itself. Code, § 113-805. The first estates carved out of the property were limited estates to the daughters, or the second daughter after the marriage or death of the first, with remainder in fee. The remaindermen were to be those who should come within the descriptive words, "such of my children as shall then be living."

■ What meaning shall be attached to the word quoted "then"? It may be used as an adverb of time, or as a word of reasoning. See the authorities on this subject discussed in *Bryant* v. *Green,* 187 *Ga.* 89 (199 S. E. 804). As used in this will, we are of the opinion that it has reference to the division date, i. e., the time when the first estate, created for the benefit of the daughters alone, terminated. The language of this will shows the manifest intention of the testatrix that the words of survivorship do not refer to her death. Compare Code, § 85-708. As was said in *Tate* v. *Tate,* 160 *Ga.* 449, 454 (128 S. E. 393), a testator can unquestionably, if he thinks fit, limit an estate in his hands to such persons as shall at a particular time named by him sustain a particular character. See the authorities there cited; also *Martin* v. *Citizens Bank of Marshallville,* 180 *Ga.* 741 (180 S. E. 734). As events transpired, when the division date arrived, the death of the second daughter, there was no person in existence within the scope of the description, "such of my children as shall then be living." It follows that the remainder estate failed because of the want of a remainderman to take it, and that the realty is to be disposed of as intestate property of the testatrix. It reverted to her estate. *Nussbaum* v. *Evans,* 71 *Ga.* 753, 757; *McDonald* v. *Taylor,* 107 *Ga.* 43, 45 (32 S. E. 879); *Edwards* v. *Edwards,* 147 *Ga.* 12 (92 S. E. 540); *Kemp* v. *Lewis,* 147 *Ga.* 254 (93 S. E. 404); *Snell* v. *Scarboro,* 162 *Ga.* 731 (6), 733 (135 S. E. 76); *Beasley* v. *Calhoun,* 178 *Ga.* 613 (173 S. E. 849); *Lane* v. *Patterson,* 138 *Ga.* 710 (2) (76 S. E. 47). We are not unmindful of the presumption that exists against a partial intestacy. This, however, is but one of the guides to aid in construction, and the presumption is overcome where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied. Compare *Glore* v. *Scroggins,* 124 *Ga.* 922, 924 (53 S. E. 690); *Black* v. *Nolan,* 132 *Ga.* 452

(64 S. E. 647) ; *Miller* v. *Jones,* 136 *Ga.* 428 (71 S. E. 910) ; *Mc-Millan* v. *McCoy,* 175 *Ga.* 699 (165 S. E. 604). If the will creates a life-estate but does not dispose of the reversionary interest, it will by inheritance go to the heirs of the testator. *Haralson* v. *Redd,* 15 *Ga.* 148; *Oliver* v. *Powell,* 114 *Ga.* 592, 598 (40 S. E. 826).

■ To whom did it revert? The partial intestacy here involved related to the time of the death of the testatrix. 69 C. J. 1086, § 2322; 69 C. J. 1069, § 2302. See also *Nussbaum* v. *Evans,* supra; *Wilder* v. *Holland,* 102 *Ga.* 44 (29 S. E. 134) ; *Smith* v. *Moore,* 129 *Ga.* 644, 646 (59 S. E. 915) ; *Bowen* v. *Driggers,* 138 *Ga.* 398 (75 S. E. 318) ; *House* v. *Carlton,* 148 *Ga.* 472 (97 S. E. 80) ; *Tate* v. *Tate,* 160 *Ga.* 449, 458, supra; *Hill* v. *Hill,* 161 *Ga.* 356 (130 S. E. 575). It is argued that by the use of the words "and descended to his heirs at law at the time of the death of Lucinda V.," in headnote 2 of *Lane* v. *Patterson,* supra, this court has ruled that, in case of an intestacy as to a remainder, those heirs of the testatrix who took in reversion are those only who survive the tenant of the preceding estate. If the quoted words mean more than that the descent took place at that time, it must have been that the court, considering that particular will in its entirety, concluded that the testator there intended to take the inheritance of the intestate property out of the general rule. In the instant case we can gather no such intention; and accordingly we hold the reversionary interest in fee remaining in the testatrix vested immediately upon her death in those who were then her heirs at law, and that it did not remain in abeyance while the life-tenants lived, only to vest in those who would be the heirs of the testatrix at the time of the death of the last life-tenant. *Oliver* v. *Powell,* 114 *Ga.* 592, 593 (4), supra.

In reaching this conclusion we have not overlooked the argument advanced by the plaintiffs in error in the cross-bill of exceptions, or the authorities cited in support thereof. They concede that, ordinarily, grandchildren should not be included in the expression "children" when used in a will. See *Walker* v. *Williamson* (1858), 25 *Ga.* 549; *Willis* v. *Jenkins* (1860), 30 *Ga.* 167; *Waddell* v. *Leonard* (1875), 53 *Ga.* 694 (dictum) ; *White* v. *Rowland* (1881), 67 *Ga.* 546 (44 Am. R. 731) ; *Crawley* v. *Kendrick* (1905), 122 *Ga.* 183 (50 S. E. 41) ; *Fulghum.* v. *Strickland* (1905), 123 *Ga.*

258 (51 S. E. 294) ; *Lyon* v. *Baker* (1905), 122 *Ga.* 189 (50 S. E. 44) ; *Brookings* v. *Trawick,* 151 *Ga.* 335 (106 S. E. 550) ; *Davidson* v. *Blackwell,* 152 *Ga.* 48 (108 S. E. 469) (dictum) ; *Toucher* v. *Hawkins,* 158 *Ga.* 482 (123 S. E. 618) ; *Hancock* v. *Griffin,* 171 *Ga.* 787 (156 S. E. 659) ; *Baker* v. *Citizens & Southern National Bank,* 175 *Ga.* 161 (165 S. E. 21) ; *Bryant* v. *Green,* 187 *Ga.* 89 (199 S. E. 804). They contend, however, that the rule does not apply unless there are grandchildren competing with children; and since in the instant case the children of the testator are all deceased, the grandchildren should take under a devise to the children of testatrix. In support of this contention we are referred to the English case of Crooke v. Brookeing, 2 Vern. 106, 23 Eng. Reprint, 679, decided in 1689. In that case there was a child who took, and the court said they were "clear of opinion where the devise is to children, the grandchildren can not come in to take with the children;" and then added that "if there had been no child, the grandchildren might have taken by the devise to his children." Here we have a palpable obiter dictum. There are other early expressions by English courts to the same effect. See Dunn v. Cory, 56 N. J. Eq. 507 (39 Atl. 368) ; and note to Billingsley v. Bradley, 104 A. L. R. 289. But the dictum in Crooke v. Brookeing, supra, has been for many years repudiated in England. Moor v. Raisbeck (1841), 12 Sim. 123, 59 Eng. Reprint, 1078; Pride v. Fooks (1858), 3 DeG. & J. 252, 44 Eng. Reprint, 1265; Re Kirk (1885), 52 L. T. N. S. (Eng.) 346; Re Atkinson (1918), 2 Ch. (Eng.) 138.

Without critically examining all the cases cited, it appears from the copious note to the case of Billingsley v. Bradley in 104 A. L. R. 289, that the vast majority of the American courts are in accord with these later English cases. The general rule excluding grandchildren from the term "children" has been applied with all its stringency in a long line of cases from various jurisdictions, most of which are listed in the note above referred to. The rule is not merely that *ordinarily* grandchildren are not to be included in a devise to "children." It goes farther. It was laid down in the Georgia case of *Walker* v. *Williamson,* supra, that grandchildren can not take under a bequest to children, unless there be something in the will to indicate and effectuate such intention by the testator. The pronouncement in *Willis* v. *Jenkins,* supra, was that in

order to extend the word "children" to embrace more than the first generation of offspring, there must either be something in the context showing that a larger signification was intended, or the person using it must know that there neither then was, nor could afterwards be, any person to whom the term could be applied in its appropriate sense. With the exception of *McGinnis* v. *Foster*, 4 *Ga*. 377, 384, none of the many Georgia decisions holding that the word "children" in a devise does not include grandchildren refers to the exception to the rule asserted by counsel, to wit, when there are grandchildren, but no children to take. But the precise point here raised was not involved in that case.

Applying the foregoing to the record before us, the result is that a one-fourth reversionary interest in this realty went to each of the four children of the testatrix on the date of her death. When her son Henry S. died, his one-fourth passed to his wife and two daughters—one-twelfth each. When the son Robert L. died, his one-fourth went to his wife, and she now owns that one-fourth. When Miss Florence died, her one-fourth, under her will, went to her sister, Miss Carrie, who then became the owner of a one-half interest. Upon her death, this, under her will, went to Armstrong Junior College.

*Judgment reversed on the main bill of exceptions; affirmed, with direction, on the cross-bill. All the Justices concur.*