19770. JOHNSON *et al. v.* JOHNSON *et al.*

ARGUED JULY 9, 1957—DECIDED SEPTEMBER 6, 1957.

468

*R. F. Duncan, A. C. Felton, III,* for plaintiffs in error.
*Allison, Pittard & Webb, Chas. C. Pittard,* contra.

HEAD, Justice. ■ Item 3 of the will of A. A. Johnson can not properly be construed in accord with the contentions of either of the parties in the present case. The contention of the defendants that, should Ruth and Viola Johnson die without bodily heirs, the defendants would take the entire estate devised in item 3, can not be sustained under the law as applied to this item. Counsel for the defendants concede that item 3 was a devise to the five children named as a class.

"Grandchildren can not take in a will, under a bequest to children, unless there be something in the will to indicate and effectuate such intention by the testator." *Walker* v. *Williamson*, 25 *Ga.* 549 (1) ; *Lyon* v. *Baker*, 122 *Ga.* 189 (50 S. E. 44) ; *Fulghum* v. *Strickland*, 123 *Ga.* 258 (51 S. E. 294) ; *Davidson* v. *Blackwell*, 152 *Ga.* 48, 53 (108 S. E. 469) ; *Toucher* v. *Hawkins*, 158 *Ga.* 482, 486 (123 S. E. 618) ; *Hancock* v. *Griffin*, 171 *Ga.* 787 (156 S. E. 659) ; *Armstrong Junior College Commission* v. *Livesey*, 189 *Ga.* 825, 830 (7 S. E. 2d 678, 132 A. L. R. 1063) ; *Renney* v. *Kimberly*, 211 *Ga.* 396 (86 S. E. 2d 217).

The language of the testator in item 3 of his will indicates no intention that grandchildren should be included in the class with children. On the contrary, this item specifically precludes such a construction by the words, "Should any of the heirs named in this paragraph die without bodily heirs then the property described in this item shall go to the remaining living heirs named in this item, . . ." Under the specific language employed by the testator, only the children named in item 3 could take from each other.

The cases of *Irvin* v. *Porterfield*, 126 *Ga.* 729 (55 S. E. 946), *Tate* v. *Tate*, 160 *Ga.* 449 (128 S. E. 393), and *Bryant* v. *Green*, 187 *Ga.* 89 (199 S. E. 804), not only fail to support the contentions of the defendants, but these cases support the ruling here made. In *Bryant* v. *Green*, supra, (at page 94) this court said: "While it is true that the term 'children' does not include grandchildren, so as to permit grandchildren to take as purchasers, the principle on which that conclusion rests is not here involved, because R. L. Woodall Jr. and the Green children take as heirs of their deceased parents, and not as purchasers under the will. Since the devise by way of remainder to the testator's other chil-

dren was to a class, and the parents of the defendants in error being in life at the date of the death of the testator took vested interests which were transmissible to their children, . . ."

In the present case, T. E. Johnson, having survived the testator and having "bodily heirs," took a vested one-fifth interest in the property described, which was transmissible to his three children, the defendants in the present case, and this is the sole interest that the defendants now have, or can ever have, under item 3 of the will of the testator.

■ When a testator devises land to one in fee simple, and provides that, if the devisee should die without children, the estate will go to another, a defeasible fee with an executory limitation is created. *Gibson* v. *Hardaway,* 68 *Ga.* 370; *Hill* v. *Terrell,* 123 *Ga.* 49, 58 (51 S. E. 81); *Curles* v. *Wade & Brimberry,* 151 *Ga.* 142 (106 S. E. 1); *Jenkins* v. *Shuften,* 206 *Ga.* 315 (57 S. E. 2d 283); *Scranton-Lackawanna Trust Co.* v. *Bruen,* 206 *Ga.* 872 (59 S. E. 2d 397); *McDonald* v. *Suarez,* 212 *Ga.* 360 (93 S. E. 2d 16).

The provision in item 3 of the will of A. A. Johnson that, "Should any of the heirs named in this paragraph die without bodily heirs then the property described in this item shall go to the remaining living heirs named in this item," standing alone, is sufficient to, and would, create a defeasible fee in each of the five children named. The testator, however, limited the scope of the application of this language in item 3 by immediately thereafter providing: "except should Ruth Johnson be blessed with longer life than Winnie Johnson, or should Winnie Johnson be blessed with longer life than Ruth Johnson, *then the survivor in either case named shall inherit the share* of the property described in this item that would have gone to the other." (Italics ours.)

The exception as to Ruth and Winnie Johnson is such as to remove them from the defeasible character of the estate of each of the children as previously provided, in that the survivor of the two should take the interest of both. It was clearly the intention of the testator that Winnie or Ruth should take in fee a two-fifths interest, depending upon which should be first deceased. Ruth Johnson having outlived Winnie Johnson, she took the one-fifth undivided interest of each, independent of, and free

from, the defeasible provision applicable to the other three children, to wit, Viola, T. E., and J. A. Johnson.

T. E. Johnson having survived the testator, and upon his death leaving the three defendants as his "bodily heirs," his one-fifth interest in the estate devised in item 3 became indefeasible, and passed under his will to the defendants, as heretofore set forth in division 1 of this opinion. J. A. Johnson died subsequently to the death of T. E. Johnson. Ruth Johnson, at the time of the petition for partition, was the owner in fee of a two-fifths interest in the described property, and a one-tenth defeasible interest, or one-half of the one-fifth defeasible interest of J. A. Johnson. Viola Johnson was the owner of her one-fifth defeasible interest and a one-half of the one-fifth interest of J. A. Johnson, defeasible should she die without bodily heirs before Ruth Johnson.

Applying the defeasible feature of item 3 in connection with the exception made by the testator as to the interest of Ruth and Winnie, title to the four-fifths interest of the petitioners in the property described in item 3 will be vested indefeasibly in Ruth Johnson if she outlives Viola Johnson; Ruth Johnson now having a two-fifths interest in fee, which may be conveyed in her lifetime or disposed of by her by will. Should Viola outlive Ruth, Viola would become vested with her one-fifth interest and the one-fifth defeasible interest of J. A. Johnson. This ruling is in accord with the rule that the law presumes that a testator intends to dispose of the whole of his estate and does not intend to die intestate as to any part of his property, unless the intention of the testator is otherwise plain and unambiguous, or must be necessarily implied. *Glore* v. *Scroggins*, 124 *Ga.* 922 (53 S. E. 690); *McMillan* v. *McCoy*, 175 *Ga.* 699 (165 S. E. 604); *Armstrong* v. *Merts*, 202 *Ga.* 483, 489 (43 S. E. 2d 512); *Schriber* v. *Anderson*, 205 *Ga.* 343 (53 S. E. 2d 490); *McDonald* v. *Suarez*, 212 *Ga.* 360, supra.

The petitioners insist that the last sentence of item 3, providing for settlement by the remaining heirs on the home place with those who might leave and want a settlement, supports their contention that, the devisees having survived the testator, they each took a one-fifth undivided indefeasible interest in the property devised. A vested interest for life and a contingent interest

472

thereafter, depending upon survivorship, is such an interest as can be conveyed and assigned. *Todd* v. *Williford*, 169 *Ga.* 543, 549 (3) (150 S. E. 912). It was not, therefore, necessary that the devisees should be owners indefeasibly in fee in order to convey their interest in the property to the "remaining heirs," as provided by the testator.

Ruth Johnson having become vested with a two-fifths interest in fee in the property described, she was entitled to maintain her action for partition. *Wright* v. *Hill*, 140 *Ga.* 554, 568 (4) (79 S. E. 546). This ruling is not in conflict with *Trimble* v. *Fairbanks*, 209 *Ga.* 741 (76 S. E. 2d 16). In the *Trimble* case neither of the parties was vested with a fee-simple indefeasible title to any part of the property sought to be partitioned.

T. E. Johnson, having survived Winnie Johnson, acquired the defeasible interest of Winnie Johnson in the storehouse referred to in item 13; and the storehouse passed to the children of T. E. Johnson (the defendants) under his will. The trial court did not err in so construing item 13 of the will.

*Judgment affirmed in part and reversed in part. All the Justices concur.*